550 P.2d 130

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Roy ARAMBULA, Defendant-Appellant.**

**No. 12001.**

Supreme Court of Idaho.

May 20, 1976.

Bennett & Frachiseur, Twin Falls, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., James F. Kile, Asst. Atty. Gen., Boise, for plaintiff-respondent.

McFADDEN, Chief Justice.

Defendant Roy Arambula was charged by information with two counts of delivery of a controlled substance (cocaine), and with one count of possession of a controlled substance (cocaine). These charges all constitute felonies. I.C. §§ 37–2732(a)(1)(A), 2732(c)(1). He pleaded guilty to all counts. A presentence investigation report was prepared and submitted to the court.[1]

At the sentencing hearing the trial court inquired if the defendant had seen the presentence report, and was advised he had seen it. Defendant's counsel called attention to an incorrect item in the report and it was corrected. Defendant requested that he be placed on probation, and after hearing arguments presented by counsel for the defendant and the state, the trial court sentenced the defendant to ten years on each delivery count, the sentences to be served concurrently, and to a three year term on the possession count, to be served consecutively to the other sentences.

The defendant later filed a motion pursuant to Rule 35 of the Idaho Rules of

---

[1]. This presentence report dated May 15, 1975, referred to and had attached to it a previous presentence report on the same defendant wherein he had pleaded guilty to a reduced charge of frequenting a place where controlled substances are sold or distributed, a misdemeanor. The first presentence report was dated May 22, 1974.

Criminal Procedure to reconsider the sentence imposed. At the hearing on this motion the State moved to quash defendant's motion to reconsider the sentence, on the grounds that the appropriate relief for the defendant was by petition for post conviction relief. The trial court granted this motion; however, the trial court after hearing further argument did modify the sentence imposed by changing the three year sentence on the possession count to a concurrent sentence to be served at the same time as the other sentences.

■ The State, in its brief, moved to dismiss this appeal on the grounds that: (1) the defendant's motion to reduce the sentence was not made a part of this record on appeal; (2) no formal objection was made for the record preserving a contention of overlapping charges;[2] (3) this appeal was from a superceded order of conviction and commitment.[3] The State does not argue that it was prejudiced by defendant's alleged procedural errors and under these circumstances the motion to dismiss is denied. See, I.C.R. 52; Supreme Court Appellate Rule 14; *Fairchild v. Olsen,* 96 Idaho 338, 528 P.2d 900 (1974).

In his first of three assignments of error, defendant contends the trial court erred in quashing his motion for reduction of sentence, since it was properly brought under Rule 35 of the Idaho Rules of Criminal Procedure. Even though we do not have a copy of defendant's motion in this record, from the brief it can be gleaned that the motion was based on I.C.R. 35, which provides:

"Correction or reduction of sentence. —The court may correct an illegal sentence at any time and may correct a sentence that has been imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law."

According to Wright, Federal Practice and Procedure, this rule is applicable to three different situations:[4]

"The rule speaks to three distinct matters. It provides a procedure for correction of an illegal sentence. It provides for correction of a sentence imposed in an illegal manner. Finally it authorizes the court to reduce a lawful sentence if, on further reflection, the court believes that it has been unduly harsh. * * *." Wright, Federal Practice and Procedure: Criminal § 581, p. 552 (1969).

Upon the state of the record before us, we must assume that the defendant by his motion was seeking to reduce a lawful sentence legally imposed.[5] Under Rule 35, the district court is empowered to grant the

---

2. This has reference to the contention that the count of possession of a controlled substance involved the same material as was involved in the count of delivery as a controlled substance.

3. The defendant, by his notice of appeal, appealed from "the sentence * * * heretofore imposed on the 30th day of June, 1975, upon his conviction in the matter of two counts of delivery of a controlled substance and one count of possession of a controlled substance". At the hearing on the motion to reduce the sentence held July 11, 1975, the district judge granted the State's motion to

quash the defendant's motion and modified the sentence. The defendant did not move to amend his notice of appeal.

4. ICR 35 is worded almost identically to Rule 35 of the Federal Rules of Criminal Procedure.

5. The district court apparently modified the sentence imposed on the possession count to run concurrently with the other two upon the basis of the defendant's argument that the counts merged for sentencing purposes. The defendant does not argue error in this regard on appeal. Given the posture of this case on appeal and the defendant's failure to argue

relief which the defendant sought and so the district court erred by quashing the defendant's motion upon this ground. See also, *State v. Gish,* 87 Idaho 341, 393 P.2d 342 (1964).

 We note that a motion to reduce a legal sentence imposed in a legal manner is addressed to the sound discretion of the district court. Wright, Federal Practice and Procedure: Criminal § 586 (1969). It is also within the district court's discretion to hear testimony or argument on the motion. Wright, *supra,* § 586. Although the trial court stated that the relief sought by defendant was not available under a Rule 35 motion, nevertheless, the trial court did then reduce the sentence imposed by ordering that the three year consecutive sentence initially imposed be served concurrently with the other sentences. It is the conclusion of this court that the first assignment of error is without merit.

 By his second assignment of error, the defendant contends that the record does not reflect whether the trial court considered the presentence report as required by I.C. § 20–220. That section provides in pertinent part:

"When a probation and parole officer is available to the court, no defendant shall be placed on probation until a written report of investigation by a parole and probation officer shall have been presented to and *considered* by the court, and no defendant charged with a felony or indictable offense shall be released under suspension of sentence without such investigation. * * *" (Emphasis added.)

The defendant contends that this case record fails to reflect that the trial court did in fact consider the presentence report, and that there was no indication of the grounds on which the trial court based its decision. He further contends that "[s]ince the pre-sentence report recom-

mended that Appellant be given probation, and the Judge subsequently imposed a very heavy sentence, the appellant feels that he was at least entitled to an explanation for such a sentence and to a hearing on the matter." However, the presentence report did not recommend probation. It did recommend commitment to the "120 day program at the Idaho State Correctional Institute." It further stated that probation seemed unrealistic at the pending time because of an outstanding charge in Mountain Home. This charge was discussed at the sentencing hearing by defendant's counsel who pointed out that there were no charges then pending in Mountain Home. This item was apparently eliminated from the trial court's consideration for it then inquired as to the previous charges culminating in the first presentence investigation. Under the record, we find no prejudicial error.

 The last assignment of error is that the trial court erred in not granting probation under I.C. § 19–2601 as recommended by the presentence report. This issue has been discussed concerning the previous assignment of error, in that the presentence report did not make such recommendation as contended. The decision to grant or deny probation is committed to the sound discretion of the trial court. *State v. Moore,* 93 Idaho 14, 454 P.2d 51 (1969). On appeal, this court will review a trial court's decision to deny probation only to determine whether the trial court abused its discretion. *State v. Ogata,* 95 Idaho 309, 508 P.2d 141 (1973). This court finds that the trial court did not abuse its discretion. The sentences imposed are affirmed.

As stated, the trial court was authorized under Rule 35 to reduce the defendant's sentence if, in the exercise of its discretion, a reduction in the sentence was appropriate under all the circumstances of the case. However, the trial court expressly stated that it felt that it had no such

on appeal that sentence was illegal, we will assume that the defendant moved to reduce

a lawful sentence, lawfully imposed, pursuant to ICR 35.

authority, and denied the defendant's motion for reduction of sentence. The trial court's ruling in this regard was erroneous.

In the event the appellant should file a new motion for reduction of sentence pursuant to I.C.R. 35 within 120 days of the date of the remittitur, the trial court shall consider such motion and any material submitted in support or opposition thereto, and exercise its discretion in making a ruling thereon.

DONALDSON, SHEPARD and BAKES, JJ., and HAGAN, District Judge, concur.