640 P.2d 1190

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Fred WOLF, Defendant-Appellant.**

No. 13473.

Court of Appeals of Idaho.

Feb. 9, 1982.

David W. Cantrill of Cantrill & Skinner, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., by Lynn E. Thomas, Sol. Gen., Boise, for respondent, Lance D. Churchill on oral argument, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

The appellant challenges a judgment of conviction on the ground that the district court erred in denying his motion to suppress certain evidence obtained under search warrants. He also contends that

evidence of a statement he made to a police officer after the search should have been excluded at trial. Finally, he attacks the sentence imposed as being unduly harsh. We *affirm* the judgment of conviction and the sentence.

The record in this case discloses that on July 19, 1978, a female employee of the Ada County Sheriff's Office met with the appellant, ostensibly to seek employment with him as a prostitute. The meeting was recorded on tape. Statements made by the appellant during the meeting indicated that he was using his residence for a prostitution service and that evidence of prostitution, including a card file system, might be found there.

On August 2, 1978, a Boise City Police Department detective and an Ada County deputy prosecuting attorney sought a warrant from a magistrate to search appellant's residence. The detective gave sworn testimony during which he presented the tape recordings and transcripts of the July 19 meeting and of a prior telephone conversation in which the time and place of the meeting had been arranged. The detective also testified that another person, an unnamed police informant, had furnished him similar information about a prostitution service at defendant's residence and the existence of a card file there. He further testified that this informant had provided reliable information in the past.

The magistrate issued a warrant authorizing a search of appellant's residence for "a file card system containing the names of persons engaging in ... prostitution, and any other evidence or instrumentality of ... prostitution." Pursuant to this warrant, the detective and other officers searched appellant's residence and seized four boxes of index cards. The cards contained information about customers served, persons who provided the services, and payments received. The police later sought and obtained a second warrant authorizing them to search the residence for items observed during the first search but not specifically listed on the first warrant. A second search was then conducted and addi-

tional items were seized. The detective subsequently testified at trial that after the first search but before the second, the appellant, who was not being interrogated at the time, spoke to the detective and "made a statement ... that we should have found card files by now."

The appellant was charged with one count of inducing a woman for the purpose of prostitution, five counts of accepting the earnings of a prostitute, and one count of keeping a minor in a house of prostitution. The last charge was dismissed by the court after trial. A district court jury found appellant guilty on all other counts. The court entered judgment of conviction and sentenced the appellant to the custody of the state Board of Correction for an indeterminate period not exceeding three years on each count, to run concurrently.

I

Appellant's attack on the judgment of conviction focuses initially upon the search conducted pursuant to the first warrant. He asserts that the warrant was invalid for three reasons. We consider each reason separately.

The appellant first urges that the application for the warrant was inadequately supported by a showing of probable cause because the information attributed to the unnamed police informant failed to satisfy the standards prescribed by *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). In *Aguilar* and in *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), the United States Supreme Court held that a search warrant could be issued upon the hearsay statements of an unnamed informant only if there were a showing of the veracity of the informant and of some underlying circumstances upon which the informant based his or her information. *See also State v. O'Bryan*, 96 Idaho 548, 531 P.2d 1193 (1975).

The present case does not fall squarely within *Aguilar* and *Spinelli*. The application for the first search warrant was based only in part upon the hearsay state-

ments of an unnamed informant. The detective's testimony was centered largely upon the tapes and transcripts containing the appellant's own statements. The statements from the informant merely supplemented this evidence. Moreover, the detective testified as to the informant's past reliability and the informant's statements about appellant's business in sufficient detail to make it apparent that the informant had direct personal knowledge of the operations of the business. We hold that this testimony, coupled with the independently corroborative tapes and transcripts, was consistent with the requirements of *Aguilar* and *Spinelli*. *Cf. United States v. Marihart,* 472 F.2d 809, 812–15 (8th Cir. 1972), *cert. denied,* 419 U.S. 827, 95 S.Ct. 46, 42 L.Ed.2d 51 (1974).

■ The appellant next focuses upon the lapse of thirteen days between the taped meeting and the application for the first search warrant. Appellant asserts that the application should be deemed defective due to the passage of time. The question of staleness "must be measured by the *nature and regularity* of the allegedly unlawful activity." (Emphasis original.) *United States v. Nilsen,* 482 F.Supp. 1335, 1339 (D.N.J.1980); *see United States v. Johnson,* 461 F.2d 285, 287 (10th Cir. 1972). The evidence presented to the magistrate indicated that the appellant had been in his line of business for three years, and expected his business to continue. There was no indication of impending termination of the business, and in fact it appears from the record that the business was still in existence when the warrant was issued upon the application. We hold that the application was not invalid for staleness.

■ Appellant further asserts that the warrant was invalid because it authorized the police to seize not only card files but "other evidence or instrumentality of the crime of prostitution." Search warrants must describe the evidence to be seized. *Marron v. United States,* 275 U.S. 192, 196, 48 S.Ct. 74, 76, 72 L.Ed. 231 (1927). However, when a residual phrase in a warrant, such as "evidence or instrumentality of the

crime of prostitution," follows a specific enumeration and is read by the police as authorizing only a search for evidence relating to the crime alleged, and not as authorizing a general search for evidence of other unrelated crimes, the warrant will not be held invalid. *Andresen v. Maryland,* 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976). In *Andresen* the United States Supreme Court upheld a search where items were seized pursuant to a warrant authorizing seizure of particular documents "together with other fruits, instrumentalities and evidence of crime at this [time] unknown." 427 U.S. at 479, 96 S.Ct. at 2748. The Court held that, read in context, the warrant limited the authorized seizure to evidence of a particular offense.

■ In the instant case, when the police searched the appellant's residence pursuant to the first warrant, they seized only boxes containing card files relating to appellant's prostitution business. No items were seized under authority of the residual clause. On the record of this case we find no constitutional infirmity in the first warrant, nor in the search conducted pursuant to it. We hold that the district court did not err in denying appellant's motion to suppress.

## II

Appellant contends that the trial court erred in overruling his objection to testimony by the detective about the appellant's statement, made between searches, concerning card files. Appellant argues that the testimony should have been excluded because he was not formally notified, in response to a pretrial discovery motion under I.C.R. 16, that the state intended to use the statement at trial. Appellant concedes that he was informally so notified by the prosecutor a week before the trial. There is no contention that the informality of the disclosure, by itself, was grounds for exclusion of the testimony.

■ As to the timeliness of the disclosure, in *State v. Smoot,* 99 Idaho 855, 590 P.2d 1001 (1978), our Supreme Court held that sanctions for late response to discovery

are within the discretion of the trial court. The proper inquiry on appeal is whether the late occurrence of the disclosure "so prejudiced the appellant's defense that he was prevented from receiving his constitutionally guaranteed fair trial." *Id.* at 858–59, 590 P.2d at 1005. The court in *Smoot* rejected a defendant's contention that the trial court had abused its discretion in allowing testimony from witnesses tardily disclosed by the prosecution. The court noted that defendant Smoot had the opportunity to cross-examine the witness, did not request a continuance for further investigation, and failed to show how he was prejudiced by the late disclosure. Similarly, in the instant case, it appears from the record that appellant did not cross-examine the detective about the statement, request a continuance in order further to investigate the basis of the testimony, nor make any showing of how he was prejudiced. We do not condone the practice of late disclosure. However, in light of *Smoot*, we hold that the district court's decision to allow the testimony under the circumstances of this case was not an abuse of discretion.

### III

Finally, appellant seeks reduction of the sentence imposed. As previously noted, the district court sentenced him to the custody of the state Board of Correction for indeterminate periods up to three years on each of six counts, to run concurrently. The general rule in Idaho is that sentencing is within the discretion of the trial court; and if a sentence is within the limits prescribed by statute, it will not be disturbed unless the appellant affirmatively shows a "clear abuse" of discretion. *E.g., State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979); *State v. Chapa*, 98 Idaho 54, 558 P.2d 83 (1976).

In this case, the sentence falls well within the statutory maximum of twenty years' confinement for each offense. I.C. §§ 18–5602, 5606. Appellant attempts to meet his burden of showing an abuse of discretion by urging in his brief that this court consider the nonviolent nature of his crimes, his advancing age (not specified), his cooperation with authorities in this case, and the absence of a prior conviction for the types of crimes involved here. We have not been furnished an adequate record on appeal to examine these contentions in detail. It is appellant's obligation to furnish such a record. *State v. Wallace*, 98 Idaho 318, 563 P.2d 42 (1977). However, even if the factors urged by appellant are accepted at face value and weighed together with the record before us, we conclude that they do not establish an abuse of discretion in this case. The sentence will not be disturbed.

The judgment of conviction and the sentence imposed by the district court are affirmed.

WALTERS, C. J., and SWANSTROM, J., concur.