679 P.2d 680

**STATE of Idaho, Plaintiff-Respondent,**

v.

**William SUTTON, Defendant-Appellant.**

**No. 15046.**

Court of Appeals of Idaho.

April 10, 1984.

Gary Dale De Meyer, Middleton, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., P. Mark Thompson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

The appellant, William Sutton, received two concurrent indeterminate eight-year sentences, for first degree burglary and for grand theft. Subsequently, he timely moved for a reduction of his sentences, under rule 35, I.C.R. The motion was denied and he appeals, contending the district court abused its discretion in denying the motion. We affirm.

Where, as here, the legality of the initial sentence is not disputed and the Rule 35 motion simply seeks to have the sentence reduced, the motion is addressed to the sound discretion of the sentencing court. *State v. Arambula*, 97 Idaho 627, 550 P.2d 130 (1976). Such a motion is essentially a plea for leniency, which may

be granted if the court decides that the sentence originally imposed was, for any reason, unduly severe. 3 C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE (Criminal) § 586 (2d ed. 1982).

■ The appellant did not appeal from his conviction or sentencing and presents to us no evidence that the original sentences were unduly severe. Both sentences were well within the maximum punishment which could have been imposed for the crimes. I.C. § 18–1403 (maximum of fifteen years for first degree burglary); I.C. § 18–2408 (maximum of fourteen years plus $5000 fine for grand theft).

■ In support of his motion to reduce the sentences the appellant submitted no evidence concerning the severity of his sentences. He did, however, present two letters—one from the state Department of Health and Welfare and the other from the prosecuting attorney's office in a neighboring county—indicating that at or about the time he was sentenced, he had a habit of alcohol abuse. This evidence is not sufficient, in our view, to establish that the original sentences were unduly harsh or severe. Because Sutton presented no other evidence to invoke the exercise of leniency by the district court, we hold he has failed to show the district court abused its discretion in denying the Rule 35 motion.

The order denying the motion to reduce sentences is affirmed.