681 P.2d 1020

**STATE of Idaho, Plaintiff-Respondent,**

v.

**James Elmer YARBROUGH, Defendant-Appellant.**

**Nos. 14726, 14785.**

Court of Appeals of Idaho.

May 22, 1984.

Barry Watson, Wallace, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Steven W. Berenter, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

These are two appeals by James Elmer Yarbrough concerning sentences he received after pleading guilty to several burglary charges. In case no. 14726 he seeks review of five sentences imposed by the district court in Kootenai County. In case no. 14785 he appeals from an order denying a motion to reduce three sentences imposed by the district court in Shoshone County. The appeals will be addressed separately. We affirm in each case.

## I. CASE NO. 14726 (KOOTENAI COUNTY)

Yarbrough was charged in Kootenai County with eight counts of first degree burglary. He pled guilty to five counts and the remainder were dismissed. He was sentenced to an indeterminate term of fifteen years on each count. Four of the sentences were ordered to be served concurrently with each other but consecutive to the first sentence imposed.

He raises two issues on appeal. First, did the structuring of the sentences by the court create an unduly harsh and excessive punishment and therefore represent an abuse of discretion? Second, did the court err in not retaining jurisdiction under I.C. § 19–2601(4) for the purpose of considering Yarbrough's suitability for probation?

*A. The Sentences.*

We turn first to the sentences imposed. Yarbrough received the maximum indeterminate sentence which could be imposed for each of the burglaries. I.C. § 18–1403. In addition, the court was authorized under I.C. § 18–308 to order that one or more of the sentences be served consecutive to the first sentence given.

A sentence which is within the allowable maximum will not be disturbed unless a clear abuse of discretion is shown. A sentence may represent such an abuse if

it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). We have explained the concept of reasonableness, as applied to sentence review, in *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982):

[A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.

Such determinations ·cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria.

Absent a contrary statute or other indication in the record, we will treat one-third of an indeterminate sentence as the measure of confinement. *State v. Toohill, supra.* Thus, for the purpose of appellate review, but not as a prediction of parole, we will treat Yarbrough's actual term of confinement in this case as one-third of his thirty-year combined sentence. Thus, the question is whether confinement for at least ten years is reasonable.

When weighing the facts of a given case, we conduct an independent examination of the record. We focus upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). Here, the facts surrounding the offenses show that Yarbrough was apprehended as a result of attempting to cash, at a local bank, a roll of coins taken in a recent burglary. Upon his arrest he fully cooperated with the authorities and entered confessions admitting complicity in approximately twenty-six burglaries in both Kootenai and Sho-

shone Counties. All of the charges to which he pled guilty involved burglaries of residences. The value of property taken in the Kootenai County burglaries amounted to several thousand dollars.

In regard to his character, the presentence report shows he was twenty-one years old at the time the burglaries were committed. He had a prior adult record of one felony and one misdemeanor, both for theft-related offenses. At his sentencing, the district court stated:

Certainly the information from the presentence report does not justify any probation in this case. It reveals the defendant started at an early age coming to the attention of the authorities, being incorrigible, unmanageable by his parents. He was dealt with in various juvenile settings by the State of Michigan, which did not seem to change his ways, as when he became an adult there is a further offense committed shortly after he became an adult. While still on probation for that offense he came to this area and immediately became involved in the series of burglaries here and in Shoshone County. I also note from the presentence report that there are currently two charges of breaking and entering still pending in the State of Michigan.

The regularity of the offenses here, which in essence when one tabulates them, were committed every few days, and the amount and value of the property taken would very strongly suggest to my mind that the defendant was involved in a well organized situation and obviously had somebody ready, willing and able to buy that property from him. It seems inconceivable that the same outlet for that property could repeatedly be receiving jewelry, cameras, guns, stero [sic] equipment, recording equipment from this defendant in any genuine belief that they were buying something that the defendant actually owned. In sum, it indicates a well organized and highly sophisticated criminal activity that was being operated to a very great extent.

▇ In our view, the judge gave sound reasons for his sentencing decision. The court's comments could be interpreted as relating to the protection of society and intending to accomplish either of the related goals of punishment and retribution. The facts of this case reasonably can be viewed to indicate that confinement for at least ten years would not exceed the period necessary to protect society from Yarbrough's pattern of conduct and to punish him for the burglaries. We conclude the district court did not abuse its sentencing discretion in respect to the sentences imposed.

### B. Retention of Jurisdiction.

▇ Yarbrough complains that the court refused to retain jurisdiction at the time the sentences were imposed, under I.C. § 19–2601(4), for the purpose of considering probation. The retention of jurisdiction under I.C. § 19–2601(4) is discretionary with the sentencing court. *State v. Toohill, supra.*

▇ It is clear from the court's comments that Yarbrough was not a likely candidate for probation, in the court's estimation. The presentence report shows that earlier attempts at probation for Yarbrough, on offenses in another state, had proved unsuccessful. Yarbrough himself demonstrated that by committing the burglaries in Idaho. We are not persuaded that the court below abused its discretion in sentencing Yarbrough without retaining jurisdiction. The sentences in case no. 14726 are affirmed.

### II. CASE NO. 14785 (SHOSHONE COUNTY)

Two days before Yarbrough was sentenced in Kootenai County, he was sentenced in Shoshone County for three burglaries committed in that county. He had pled guilty to each of those charges. He received two concurrent, indeterminate terms of fifteen years for first degree burglary and one five-year, indeterminate term for second degree burglary. The five-year sentence was ordered to be served consecutive to the fifteen-year sentences. The same presentence report was used in both Shoshone and Kootenai counties. Two months after the sentencing in Shoshone County, Yarbrough filed a motion under I.C.R. 35 to reduce his sentences in the Shoshone County proceeding. When that motion was denied, Yarbrough filed his notice of appeal in the Shoshone County case.

On appeal, Yarbrough contends the court in Shoshone County abused its discretion by imposing excessive sentences. He also argues that the court abused its discretion by not retaining jurisdiction under I.C. § 19–2601(4) at the time he was sentenced.

### A. The Sentences.

As a threshold to discussing Yarbrough's contention regarding his sentences, we note that Yarbrough did not file a notice of appeal from the judgments and sentences imposed by the district court in Shoshone County. Nor did he file his Rule 35 motion to reduce the sentences within the time necessary to preserve his right to appeal directly from those judgments and sentences. *See State v. Knight,* 106 Idaho 196, 681 P.2d 6 (Ct.App.1984). His notice of appeal is directed solely at the order denying his motion to reduce the sentences. Therefore we will consider Yarbrough's attack on the length of his sentences only in the context of whether the district court abused its discretion in denying the Rule 35 motion.

▇ A motion to reduce a sentence under Rule 35 is addressed to the sound discretion of the sentencing judge. *State v. Arambula,* 97 Idaho 627, 550 P.2d 130 (1976). Such a motion is essentially a plea for leniency which may be granted if the sentence originally imposed was, for any reason, unduly severe. *State v. Sutton,* 106 Idaho 403, 679 P.2d 680 (Ct.App.1984). Where an appeal is taken from an order refusing to reduce a sentence under Rule 35, our scope of review includes all information submitted at the original sentencing hearing and at the subsequent hearing on the motion. *Id.*

In addition to the information provided to the court at the time of sentencing, *i.e.*, the presentence report, Yarbrough submitted an affidavit and handwritten letter in support of his motion to reduce the sentences. Essentially, these documents asserted that Yarbrough had realized the error of his ways, that given his age he deemed his sentences to be too long, and that he was amenable to any reasonable program for rehabilitation. It was also confirmed that Yarbrough had in fact been sentenced in Kootenai County (case no. 14726) after he was sentenced in Shoshone County.

The district court denied Yarbrough's motion, stating:

> Well, I don't feel now that the sentence was excessive, and I didn't feel it was excessive at the time that it was imposed, given the circumstances under which the defendant was apprehended and all the other factors that went into it plus the knowledge, of course, that he had committed a number of similar offenses in Kootenai County. So, the motion would be denied.

■ The district court thus declined to exercise leniency. In our view, Yarbrough did not present sufficient evidence at the hearing on his Rule 35 motion to show that the original sentences were unduly harsh or severe. *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). Consequently, we hold that Yarbrough failed to establish that the district court abused its discretion in denying the Rule 35 motion.

## B. Retention of Jurisdiction.

■ As noted, Yarbrough did not timely appeal from the original imposition of his sentences. Therefore we do not rule upon whether the sentencing court abused its discretion in refusing to retain jurisdiction for the purpose of considering probation, at the time the sentences were imposed.

In summary, we affirm the sentences imposed in Kootenai County, case no. 14726. We also affirm the order denying the motion to reduce sentences in Shoshone County, case no. 14785.

SWANSTROM and BURNETT, JJ., concur.