707 P.2d 474

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Richard SLINGER,
Defendant-Appellant.**

**Nos. 15736, 15839.**

Court of Appeals of Idaho.

Sept. 25, 1985.

364

John P. Luster, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen., by Lynn E. Thomas, Sol. Gen. and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Richard Slinger pled guilty to issuing a check on a closed account. He was sentenced to a three-year, indeterminate term in the custody of the Board of Correction. Approximately six weeks later he filed a motion under I.C.R. 35, seeking reconsideration of his sentence. He asked that the balance of the sentence be suspended and that he be placed on probation. The district court denied the motion. Two appeals, both purportedly from the same order, were filed and have been consolidated. We affirm the order.

■ It is well established that a motion to reduce a legally imposed sentence is addressed to the sound discretion of the district court. *State v. Arambula,* 97 Idaho 627, 550 P.2d 130 (1976). Such a motion essentially is a plea for leniency which may be granted if the sentence originally imposed was, for any reason, unduly severe. *State v. Sutton,* 106 Idaho 403, 679 P.2d 680 (Ct.App.1984). Where, as here, the original judgment has not been appealed, the sentence initially pronounced is deemed to have been appropriate upon the facts then presented to the district judge. The question presented by appeal from the denial of a subsequent Rule 35 motion is whether facts presented in connection with the motion, when viewed in the context of information already in the record, show that discretion was abused in failing to grant the leniency requested. *State v. Sutton, supra.*

■ Slinger was sentenced to the maximum number of years statutorily authorized for his crime. I.C. § 18–3106(a). However, the sentence was made indeterminate rather than fixed. When reviewing indeterminate sentences, we deem the length of confinement to be one-third of the face amount of the sentence, absent a contrary indication in the record. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). Here, for the purpose of appellate review, the length of confinement is treated as one year. In *Toohill,* we explained that a term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation and retribution. These criteria also govern rulings on motions to reduce sentences under Rule 35.

*State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984).

When the district court conducted a hearing on the Rule 35 motion, Slinger had been in prison approximately four months. He presented no evidence as to any change in his circumstances. The district court was urged simply to reevaluate the sentence upon the existing record. The record disclosed that Slinger had issued a check for $52.25 to a dentist for professional services. At the time of issuance, Slinger knew that the check was drawn on a closed account. His guilty plea was the product of a negotiated agreement by which the prosecutor dismissed another, similar charge. Slinger also received concurrent jail sentences upon four misdemeanor convictions for issuing other checks on closed accounts in Idaho. Previously, he had been convicted of writing bad checks in Michigan. The court noted that there was a high probability of repetitive conduct.

Having reviewed all the information available at the hearing on the Rule 35 motion, we conclude that the court did not abuse its discretion in determining that Slinger had made an inadequate showing of cause for leniency. Accordingly, the order denying his Rule 35 motion is affirmed.