710 P.2d 640

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Chris Lynn DUSENBERY, Defendant-Appellant.**

**No. 15654.**

Court of Appeals of Idaho.

Nov. 27, 1985.

Alan E. Trimming, Ada County Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Chris Dusenbery pled guilty to two counts of robbery. She received two concurrent, indeterminate seven-year sentences for the crimes. Later she filed a motion under I.C.R. 35, seeking reduction of the sentences. The district court denied the motion and this appeal followed. We affirm.

It is well established that a motion to reduce a legally imposed sentence is addressed to the sound discretion of the district court. *State v. Arambula,* 97 Idaho 627, 550 P.2d 130 (1976). Such a motion essentially is a plea for leniency which may be granted if the sentence originally imposed was, for any reason, unduly severe. *State v. Sutton,* 106 Idaho 403, 679 P.2d 680 (Ct.App.1984). The question presented by appeal from the denial of a Rule 35 motion is whether facts presented in connection with the motion, when viewed in the context of information already in the record, show that discretion was abused in failing to grant the leniency requested. *State v. Sutton, supra.*

Dusenbery could have been sentenced to life imprisonment on each of the robbery charges. I.C. § 18–6503. Therefore, her indeterminate sentences of seven years were within the maximum allowable by statute. Sentences within the allowable maximum will not be disturbed unless a clear abuse of discretion is shown. *State v. Cotton,* 100 Idaho 573, 602 P.2d 71 (1979). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982). In *Toohill,* we explained that a term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation and retribution. We further noted that when reviewing indeterminate sentences, we deem the length of confinement to be one-third of the face amount of the sentence, absent a contrary indication in the record. Here, for the purpose of appellate review, the length of confinement is treated as twenty-eight months.

Dusenbery admittedly robbed two restaurants in Boise. In one of the robberies, she displayed a handgun. In both robberies, she threatened to kill the restaurant cashiers. The presentence report disclosed that Dusenbery was thirty-one years old when sentenced and that she had a high school education. She was married and had two sons by a previous marriage. Her prior record consisted of several traffic citations, but no felonies. She was unemployed and in financial difficulty when she committed the crimes at issue here. Her usual occupation was described as that of a waitress or a bartender. The presentence investigator recommended a sentence of incarceration rather than probation, due to the serious nature of the crimes committed.

In his Memorandum Opinion and Order, the district judge noted that Dusenbery's argument in support of the Rule 35 motion had been considered in the original sentencing. Her contention was that mitigating circumstances and the lack of a prior felony record ought to preclude a substantial prison sentence. The district judge disagreed. We find his reasoning persuasive:

> Robbery with the use of a firearm is too serious not only to the victim but to society as a whole to justify excusing even a first offender. To do this, would in effect, license everyone so inclined to commit at least one armed robbery with impunity. The crime is one that involves terror to the victim; being a crime in which the victim is terrorized, it has a potential for serious and long-lasting psychological harm to the victim even in the absence of physical harm. Besides the effect on the victim, the crime of [r]obbery is one of those crimes that destroys the very fabric of society by breeding fear in the community....

\*      \*      \*      \*      \*      \*

I think it is a disservice to society for a judge to take any action that would foster the belief among potential first offenders that the crime of armed robbery can be committed once with only a token punishment imposed. Such action would deprive the heavy penalties for [r]obbery provided by the legislature of any deterrent effect and depreciate the seriousness of the offense.

The judge adequately took account of mitigating factors and the lack of a prior felony record when pronouncing the original sentence. We conclude that the court acted within its sound discretion by declining to reduce the sentence further. Accordingly, the order denying the Rule 35 motion is affirmed.