712 P.2d 732

STATE of Idaho, Plaintiff-Respondent,

v.

Richard GOLDMAN, Defendant-Appellant.

No. 15995.

Court of Appeals of Idaho.

Dec. 30, 1985.

Stephen S. Hart, Idaho Falls, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., for plaintiff-respondent.

PER CURIAM.

Richard Goldman stands convicted of kidnapping a woman with the intent to rape her. He received a thirty-year indeterminate sentence but the sentence was vacated for procedural reasons. *See State v. Goldman,* 107 Idaho 209, 687 P.2d 599 (Ct.App.1984) (*Goldman I*). On remand, the district court conducted a new hearing and obtained updated information about Goldman. The court then reimposed the same sentence. Goldman later moved for reduction of the sentence under I.C.R. 35 but the motion was denied. This appeal comes to us from the order denying the Rule 35 motion. We affirm.

As noted in *Goldman I,* the guilty plea was the product of a plea bargain. In return for a plea of guilty to first degree kidnapping, the prosecutor dismissed charges of attempted rape and aggravated assault arising from the same incident. The bargain also embodied an agreement that "any sentence ... would be concurrent" with a thirty-year indeterminate sentence earlier imposed by another judge in a separate sex offense case. Thus, Goldman is serving two distinct sentences. This appeal is concerned only with the sentence imposed in the kidnapping case.

■ A motion to reduce an otherwise lawful sentence is addressed to the sound discretion of the judge who rules on it. *State v. Arambula,* 97 Idaho 627, 550 P.2d 130 (1976). The motion essentially is a plea for leniency which may be granted if the sentence originally imposed was, for any reason, unduly severe. *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). As we noted in *Lopez,* the criteria for evaluating a judge's refusal to reduce a sentence are the same as those applied in determining whether the original sentence was excessive. *See State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). Those criteria are well known and need not be repeated here. The judge may consider facts presented at the original sentencing as well as any new information concerning the defendant's rehabilitative progress in confinement. *State v. Torres,* 107 Idaho 895, 693 P.2d 1097 (Ct.App.1984). On appeal, we similarly will examine the record of the original sentencing proceeding, together with information subsequently presented in support of the Rule 35 motion. *State v. Yarbrough,* 106 Idaho 545, 681 P.2d 1020 (Ct.App.1984).

■ Here, the record shows that Goldman committed the kidnapping while charges in the other sex offense case were pending against him. Those charges arose from molestation of a child during a period of several years. In the present case, the district court found that Goldman accosted a young woman, forcibly taking her to a camper; that he bound her hands, legs and eyes with tape; and that he engaged in sexual contact with her until police officers intervened. The presentence investigation indicated a substantial probability that Goldman's sexually aggressive conduct would continue.

In support of his Rule 35 motion, Goldman presented information tending to show that he had successfully adapted to the requirements of prison life. He performed satisfactorily in the jobs assigned to him and he showed progress in therapy and counseling sessions. Nevertheless, the district judge was unpersuaded that Goldman had ceased to be a risk to women or children outside a prison environment. The judge concluded that "any reduction of sentence would not be in the best interests of

society." In our view, this conclusion is consistent with the primary objective of protecting society, recognized in *Toohill.*

However, Goldman argues that his motion was denied for another, improper reason. He invites our attention to the following comment by the district judge:

> If the Defendant, by his conduct, has earned a consideration for a reduction of his sentence, that matter is best in the hands of the Commission on Pardons and Parole. They constitute the proper agency to consider a reduction, having for their review the full scope of defendant's progress and accomplishments in the penal institution.

Goldman invites us to infer from these remarks that the judge improperly abandoned his power under Rule 35 to reduce a sentence. Indeed, viewed in isolation, the judge's comments might suggest a confusion of the court's power under Rule 35 with the wholly independent executive power of commutation. However, in the peculiar circumstances of this case, we believe the judge's remarks carry a different significance. As noted above, Goldman is serving a separate thirty-year sentence. As Goldman's counsel acknowledged in argument to the district court, a reduction of the sentence in the present case would be of little practical benefit unless the concurrent sentence also were reduced. Thus, in reality Goldman sought a judicial reduction of the instant sentence in the hope that such action would encourage correctional authorities to grant a parallel commutation of the other sentence. In light of this interrelationship between the sentences, we ascribe no confusion or improper purpose to the judge's explicit recognition of the executive power to commute a sentence.

We conclude that the district court exercised its own authority, and did not abandon its powers, in declining to reduce the sentence imposed in this case. We find no abuse of the court's discretion. Accordingly, the order denying the Rule 35 motion is affirmed.