733 P.2d 822

**STATE of Idaho, Plaintiff-Respondent,**

v.

**David J. STANFIELD,
Defendant-Appellant.**

**No. 16291.**

Court of Appeals of Idaho.

Feb. 27, 1987.

Neal S. Stivers, Deputy Ada County Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., and David R. Minert, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

We are asked to decide whether a district judge should have reduced an indeterminate seven-year sentence imposed for lewd conduct. The question is presented by David Stanfield, who stands convicted upon his plea of guilty to a charge of lewd conduct with his seven-year-old daughter. After the time to appeal the judgment had elapsed, but within the time allowed by I.C.R. 35, Stanfield filed a motion seeking reduction of his sentence. He requested that the sentence be changed to probation so he could be released from prison and could participate in a community-based mental health program. The district judge conducted an evidentiary hearing and denied the motion. For reasons explained below, we affirm.

█ A Rule 35 motion is addressed to the sound discretion of the sentencing court. *State v. Arambula*, 97 Idaho 627, 550 P.2d 130 (1976). Such a motion essentially is a plea for leniency which may be granted if the sentence originally imposed was, for any reason, unduly severe. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct. App.1984). The issue presented on appeal is whether the facts presented in connection with the motion, when viewed in the context of information already in the record, show that discretion was abused in failing to grant the leniency requested. *State v. Goldman*, 109 Idaho 1031, 712 P.2d 732 (Ct.App.1985).

█ In this case, the seven-year indeterminate sentence was well within statutory limits. *See* I.C. § 18–6607 (now codified at I.C. § 18–1508). For the purpose of appellate review, and not as a prediction of actual parole, the duration of confinement under an indeterminate sentence is deemed to be one-third of its facial term. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App.1982). Here the period of confinement on which we base our review is one-third of seven years, or twenty-eight months. The criteria for determining whether such confinement should have been reduced under Rule 35 are the same as those which would apply to appellate review of the original sentence. *State v. Lopez, supra.* These criteria, articulated in our *Toohill* decision, embrace the primary objective of protecting society and the ancillary goals of deterrence, rehabilitation and retribution.

The record compiled at the original sentencing disclosed that Stanfield committed violent and depraved acts upon his seven-year-old daughter. On numerous occasions he bound her and forced her to perform acts of oral sex or anal intercourse. The presentence investigation report noted that Stanfield might pose a continuing threat to the girl unless confined. He had no prior criminal record.

At the hearing on the Rule 35 motion, Stanfield's counsel adduced testimony from two psychologists at the Idaho State Correctional Institute (ISCI). Both witnesses declared that psychological treatment was essential to Stanfield's eventual rehabilitation. The psychologist assigned to Stanfield stated that treatment alternatives at the ISCI were limited, although mental health programs were expected to improve with expansion of the prison's professional staff. He further testified as follows:

Q. From your point of view as a therapist, as the person who has been working with Mr. Stanfield, and not getting into the other considerations that His Honor has to deal with, from your point of view, as a therapist, speaking about therapy rehabilitation treatment, would it be beneficial to Mr. Stanfield to be out of ISCI?

A. It would be beneficial for Mr. Stanfield to be in the best treatment program possible over an extended period of time.

I don't think that there is any question that treatment in the community would be the treatment of choice, if it were possible and all other factors considered.

Q. From your point of view as a therapist—and you feel quite comfortable with that observation; is that correct,

keeping in mind there are a lot of other things?

A. Oh, yes, there are a lot of other factors involved in that.

 Despite the preference for community-based treatment, neither of the two psychologists explicitly recommended that Stanfield be released on probation. Indeed, the careful wording of questions and answers at the hearing reflected an awareness that Stanfield's rehabilitation was not the sole criterion governing the district court's decision. In ruling on the motion to reduce the sentence, the judge noted that psychological care, albeit not optimal treatment, was available at the ISCI. Moreover, the judge emphasized that the prison sentence also served a retributive purpose. Retribution is a permissible ground for incarceration. It must be balanced against the likelihood that lengthy confinement may adversely affect any rehabilitative opportunities. *State v. Pettit,* 104 Idaho 601, 661 P.2d 767 (Ct.App.1983). *See also State v. Freeman,* 110 Idaho 117, 714 P.2d 86 (Ct.App.1986) (weighing rehabilitation and protection of society).

Based upon our review of the record, we find that the judge made an appropriate balancing decision. The judge did not abuse his discretion by denying the Rule 35 motion. Accordingly, the order of the district court is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.