746 P.2d 994

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Levi Wilfred MARTINEZ and Frank Martinez aka Poncho Martinez, Defendants–Appellants.**

**No. 16602.**

Supreme Court of Idaho.

Nov. 23, 1987.

Van G. Bishop, Nampa, for defendants-appellants.

Jim Jones, Atty. Gen. and Myrna A.I. Stahman, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

SHEPARD, Chief Justice.

This is an appeal from an order denying a motion for reduction of sentences under the provisions of I.C.R. 35. We affirm.

The sordid details of the acts of appellants need not be reiterated here, it is enough to say that they are sufficiently set forth in the prior opinions of the Court of Appeals and of this Court *infra.*

Appellants were each tried and convicted of statutory rape, lewd and lascivious conduct, aggravated battery, and second degree kidnapping, all perpetrated upon the body of their 12–year–old cousin. Each appellant received fixed sentences of 30 years for rape, 30 years for lewd and lascivious conduct, and 15 years for aggrava-

ted battery, the total of which was a fixed-term sentence of 75 years as to each appellant. Additionally, the court imposed an indeterminate 25–year term for second degree kidnapping.

Upon appeal, the Court of Appeals held that although the sentences were legally permissible, the sentences were excessive and should be modified. *State v. Martinez*, 109 Idaho 61, 704 P.2d 965 (Ct.App. 1985). Upon review being granted, this Court held that the sentences were not an abuse of the discretion of the trial court, but the trial court was invited to reexamine the sentences in the event that the defendants moved to reduce the sentence pursuant to I.C.R. 35. *State v. Martinez*, 111 Idaho 281, 723 P.2d 825 (1986). The appellants filed a motion to reduce sentence, which was denied by the district court on the basis that the sentences imposed were necessary for the protection of society.

■ The sole issue on this appeal is whether denial of defendants' I.C.R. 35 motions to reduce sentences constituted an abuse of discretion. An I.C.R. 35 motion to reduce sentence is essentially a plea for leniency, and a decision thereon is vested in the sound discretion of the sentencing court, *State v. Arambula*, 97 Idaho 627, 550 P.2d 130 (1976), and the motion may be granted if the sentence originally imposed was for any reason unduly severe. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct. App.1984); *State v. Sutton*, 106 Idaho 403, 679 P.2d 680 (Ct.App.1984). An I.C.R. 35 motion places on the movant the burden of showing that the original sentence was unduly severe. On appeal the appellant also bears the burden of presenting a sufficient record to evaluate the merits of the challenge of a discretionary decision related to sentencing. *State v. Wolf*, 102 Idaho 789, 640 P.2d 1190 (Ct.App.1982). *See also State v. Dusenbery*, 109 Idaho 730, 710 P.2d 640 (Ct.App.1985). In the instant case no additional evidence, testimonial or otherwise, was presented in support of the Rule 35 motion, but rather defendants relied upon the previous decisions of the Court of Appeals and of this Court, arguing that the district court focused solely upon the factor of retribution and gave no consideration to the factor of rehabilitation.

This Court has held that in reviewing a sentence, consideration must be given as to "whether the sentence comports with the four objectives of criminal punishment: (1) protection of society; (2) deterrence of the individual and the public generally; (3) the possibility of rehabilitation; and (4) punishment or retribution for wrongdoing." *See State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978) and *State v. Moore*, 78 Idaho 359, 304 P.2d 1101 (1956).

In *Moore, supra,* the Court stated:

The primary consideration is and presumptively always will be, the good order and protection of society. All other factors are, and must be, subservient to that end. Important as are the humanitarian considerations affecting the accused, his family and other relatives, and the importance to society of rehabilitation itself, such considerations cannot be allowed to control or defeat punishment, where other factors are ignored or subordinated to the detriment of society. 78 Idaho at 363, 304 P.2d 1101.

■ In the instant case the trial court clearly held that the protection of society precluded the reduction of the sentences, stating:

I think that in a case where people do what these people did *and then continued to even after conviction,* and at time of sentencing, to show not even the slightest bit of remorse for what they have done to a child is the kind of situation that demands that somebody be removed from society permanently if possible. (Emphasis added.)

Contrary to appellants' assertion, the record indicates that the trial court did in fact consider rehabilitation, but concluded that the circumstances of the instant case demonstrated that rehabilitation of the appellants was not a viable alternative:

There is nothing before me to indicate any possibility of rehabilitation of either of these people; and while I think that the possibility of rehabilitation is in many sentencings that we deal with certainly

something that we look at readily when the crime is of a lesser nature ...

So I'm—I'm not against the idea of rehabilitation, but I—I think it's something that comes from the person himself; I think that it—it can only be looked at in a situation where there isn't a real threat to the safety and well being of other people.

And in my mind these people do pose with their attitudes and by proof of their conduct a continuing constant threat to the safety of helpless people such as this little girl.

It is clear from the attitude of these appellants before, during and after sentencing, that there has been no change in attitude and that they have shown no remorse for their heinous crimes, but rather only a regret that the victim was not killed, and no intentions toward retribution. The ruling of the district court in denying the motion to reduce sentence was clearly not an abuse of discretion.

Appellants further argue that their sentences should run concurrently, relying upon *State v. McCormick*, 100 Idaho 111, 594 P.2d 149 (1979). We hold that reliance is misplaced, and *McCormick* is inapposite to the instant case.

The district court's ruling upon the I.C.R. 35 motion in denying a reduction of sentence is affirmed.

No costs on appeal.

DONALDSON* and HUNTLEY, JJ., concur.

BAKES, Justice, concurring specially:

In this case, the defendants' sentences were reviewed on appeal by this Court and affirmed. *State v. Martinez*, 111 Idaho 281, 723 P.2d 825 (1986). It must be apparent that in an appeal from a trial court's denial of an Idaho Criminal Rule 35 motion to reduce sentence the proceeding is not merely a rehearing of the earlier appellate

decision. The Rule 35 proceeding is, as the Court's opinion points out, a plea for leniency which vests almost total discretion in the trial court. On appeal from a denial of a Rule 35 reduction of sentence we are not rehearing our decision in *State v. Martinez*, 111 Idaho 281, 723 P.2d 825; nor are we rehearing the trial court's original sentencing decision. It would be difficult to imagine any circumstance in which it could be said that the trial court erred in deciding not to grant a Rule 35 request for leniency.

The defendants' Rule 35 plea for leniency is a matter solely within the discretion of the trial court and, accordingly, the trial court's order should be affirmed.

BISTLINE, Justice, concurring specially:

This case was before the Court initially after it had been first decided by the Court of Appeals, 109 Idaho 61, 704 P.2d 965 (Ct.App.1985). On a petition for rehearing, which was denied, I concluded that this Court should not have interfered with the Court of Appeals decision on the sentencing issue, Part II B, beginning at p. 67 of 109 Idaho, 704 P.2d at p. 971. Quickly reviewed again it shows that the defendants had no prior felonies, the influence of alcohol weighed heavily,[1] and the sentence imposed was far more extreme than the severe penalty recommended by the prosecutor. "The record makes it clear that he [the district judge] did so largely out of a personal sense of revulsion against the crimes committed." The district judge forthrightly stated that in his view the death penalty was appropriate. 109 Idaho at 68, 704 P.2d at 972.

My opinion on denial of rehearing concluded that civilized persons would not disagree with that view, and went on to note that this Court's June 1986 opinion observed that the sentencing judge had ascribed no real consideration to the possibility of rehabilitation. All at the same time

---

* DONALDSON, J., sat and participated fully in the decision and opinion prior to his death.

1. See for example *State v. Osborn*, 102 Idaho 405, 631 P.2d 187 (1981), where the Supreme Court ruled that ingestion of drugs and alcohol, 102 Idaho at 408, 631 P.2d 187, 190, resulting in impaired capacity to appreciate criminality of conduct, could be a mitigating circumstance. That holding has never been overruled.

the opinion, in setting forth the objectives of criminal punishment included "(3) the possibility of rehabilitation," 111 Idaho at 284, 723 P.2d at 828, and then completely avoided the issue of excessivity of the sentences:

> Upon review of the record, we are inclined to the view that the trial court did not abuse its discretion. In view of the particular difficulties in weighing the countervailing considerations in the instant case, we affirm the decision of the trial court and, if an I.C.R. 35 proceeding is initiated, the trial court may reexamine its sentence pursuant thereto.

> Under the Rule 35 proceedings, we invite the trial court to fully examine each of the considerations set forth in the majority and dissenting opinions of the Court of Appeals, *and to provide full consideration* and findings relative to the *four* primary sentencing criteria outlined in *Wolfe, supra. State v. Martinez*, 111 Idaho at 284, 723 P.2d at 828 (footnote omitted) (Emphasis added here).

This did not go unnoticed in my opinion on denial of the petition for rehearing. "In a classic anomaly, our June 1986 opinion affirms the sentences imposed, but at the same time instructs the trial judge to consider the *Wolfe* case, and then re-examine its sentences in light thereof."

Our opinion today now makes it crystal clear that criminal conduct short of murder does not in *all* instances require consideration of rehabilitation—which is likely a sign of the times.

Having previously sympathized with the views the trial judge entertained as to this particular case, and accepting, albeit reluctantly, the philosophy that sentencing judges may weigh out any consideration whatever of any rehabilitation, be it after 10, 20, 30, or 40 years of close confinement, I write only to document the stage which was set by our 1986 opinion and the result which foreseeably flowed therefrom. Under the decision of the Court of Appeals, the defendants would have been confined for at least 30 years—more than one-half of an adult lifetime—and at the end of that time could apply for parole if the parole board found that 30 years in the penitentiary had made them viable candidates for rehabilitation. Proceedings under Rule 35, coming directly on the heels of the convictions, being a "plea for leniency," could not have been expected to have any chance for success. The Court of Appeals recognized that it would be too soon. This Court did not.