767 P.2d 835

**STATE of Idaho, Plaintiff–Respondent,**

v.

**William S. TOWNSEND, Defendant–Appellant.**

**No. 17439.**

Court of Appeals of Idaho.

Jan. 26, 1989.

Joan M. Fisher, Moscow, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Pursuant to plea negotiations, William Townsend pled guilty to a charge of forgery. I.C. § 18–3601. Townsend received a unified sentence of fourteen years, with a five-year minimum period of confinement. I.C. § 19–2513. After the judgment was entered, Townsend filed a motion under I.C.R. 35 for reduction of the sentence. The motion was denied. The sole issue on appeal is whether the district court abused its discretion in denying Townsend's motion. We affirm.

A Rule 35 motion is essentially a plea for leniency which may be granted if the sentence imposed upon the defendant was, for any reason, unduly severe. *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). Such a motion is directed to the sound discretion of the district court. *State v. Roach,* 112 Idaho 173, 730 P.2d 1093 (Ct. App.1986). On appeal, we will determine whether the entire record, including any facts presented in connection with the motion, shows that the district court abused its discretion in failing to grant the leniency requested. *State v. Stanfield,* 112 Idaho 601, 733 P.2d 822 (Ct.App.1987). In making this determination, we apply the same criteria used for reviewing the reasonableness of the original sentence. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

In the instant case, Townsend's conviction was the result of a scheme to cash forged checks at several banks in the Moscow area. Townsend contends that the five-year fixed portion of his sentence is

unduly harsh because it would take away his motivation for rehabilitation. However, in imposing Townsend's sentence, the district court took into consideration the fact that Townsend had not been rehabilitated while serving a reduced sentence for a prior felony offense. Furthermore, the judge noted that Townsend had persuaded a conspirator to join in the forgery scheme, and that a checkwriting machine was found in Townsend's possession at the time of his arrest. Having reviewed the record and having considered the sentence review criteria set forth in *State v. Toohill, supra,* we conclude that the district court did not abuse its discretion in denying Townsend's motion. The judgment of conviction imposing the sentence is affirmed.