791 P.2d 438

STATE of Idaho, Plaintiff–Respondent,

v.

Salvador A. MARTINEZ, Defendant–Appellant.

No. 18117.

Court of Appeals of Idaho.

May 2, 1990.

Edward B. Odessey, Deputy Ada County Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen. by James E. Leuenberger, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

Before BURNETT and SWANSTROM, JJ., and McQUADE, J. pro tem.

PER CURIAM.

This is a sentencing discretion case. Salvador Martinez pled guilty to grand theft, a felony, committed in 1984. He received a wholly indeterminate five-year sentence. The court retained jurisdiction for a period of 120 days, later extended to 180 days, while Martinez underwent substance abuse counseling at the North Idaho Correctional Institute (NICI). The court then relinquished jurisdiction but reduced Martinez's sentence to an indeterminate four-year term. Martinez moved for a further reduction of his sentence under I.C.R. 35. The district court denied the motion and Martinez appealed. The sole issue is whether the district court abused its discretion in denying Martinez's Rule 35 motion. We affirm.

A motion to reduce a sentence within statutory limits is addressed to the sound discretion of the district court. *State v. Allbee*, 115 Idaho 845, 771 P.2d 66 (Ct.App.1989). Such a motion is essentially a plea for leniency which may be granted if the sentence originally imposed was, for any reason, unduly severe. *Id.* On appeal, the order denying a Rule 35 motion is reviewed in light of the same criteria that would apply to review of the sentence itself. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). In a case such as this, where the crime was committed prior to the effective date of the Unified Sentencing Act, and the sentence is indeterminate, we will presume a period of confinement for at least one-third of the sentence. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). Here, that period would be one-third of four years, or sixteen months.

To determine the reasonableness of such a period, we examine the record of the original sentencing proceeding, together with any information subsequently presented in connection with the Rule 35 motion. *State v. Yarbrough*, 106 Idaho 545, 681 P.2d 1020 (Ct.App.1984). In examining the reasonableness of the sentence, we apply the substantive criteria set forth in *State v. Toohill*, 103 Idaho at 568, 650 P.2d at 710:

> [A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.

Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria.

As we apply these criteria to the instant case, we consider the nature of the offense and the character of the offender. Martinez stole ski equipment, office equipment and clothing from an acquaintance's apartment. After his arrest, he fled to California. While there he was arrested and imprisoned for other crimes. Upon his return to Idaho, he was sentenced in the instant case. During the period of retained jurisdiction, he received an unfavorable report from NICI. Martinez now urges that he offered evidence contradicting the unfavorable report from NICI, but that the district court did not consider his evidence in sufficient detail. Nevertheless, when we con-

sider the entire record—including the nature of Martinez's offense and his behavior following his arrest—we cannot say that the four-year indeterminate sentence was unreasonable, or that the district court abused its discretion by refusing to reduce it further.

Therefore, the order denying relief under Rule 35 is affirmed.