## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 46274

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: April 2, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| LEVI WILFRED MARTINEZ, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Davis F. VanderVelde, District Judge.

Order denying Idaho Criminal Rule 35(a) motion for correction of illegal sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and BRAILSFORD, Judge
_____

PER CURIAM

Levi Wilfred Martinez was found guilty of rape, Idaho Code § 18-6101(1); lewd and lascivious conduct, I.C. § 18-6607; aggravated battery, I.C. §§ 18-907, 18-908; and second degree kidnapping, I.C. §§ 18-4501(1), 18-4503, 18-4504(2). The district court imposed consecutive sentences of thirty years determinate for rape, thirty years determinate for lewd conduct with a child under sixteen, fifteen years determinate for aggravated battery, and a concurrent twenty-five-year indeterminate sentence for second degree kidnapping. Martinez appealed, and the Idaho Court of Appeals reduced the sentences to an aggregate thirty-year term, *State v. Martinez*, 109 Idaho 61, 69, 704 P.2d 965, 973 (Ct. App. 1985). The Idaho Supreme

1

Court subsequently overruled that decision and reinstated the original sentences. *State v. Martinez*, 111 Idaho 281, 284, 723 P.2d 825, 828 (1986). Martinez filed an Idaho Criminal Rule 35 motion for reduction of his sentences, which the district court denied. Martinez appealed, and the Supreme Court affirmed the denial of the Rule 35 motion. *State v. Martinez*, 113 Idaho 535, 537, 746 P.2d 994, 996 (1987).

In 1996, Martinez filed a "Motion for Reduction of Sentences Pursuant to Idaho Criminal Rule 35, Idaho Criminal Rule 33 and Idaho Code § 20-101" asserting that his sentences were illegal because he did not receive all of the "Good Time Credits" to which he was entitled. The district court denied the motion. Martinez filed a Rule 35 motion to correct an illegal sentence, which the district court denied. In July 2018, Martinez filed another Rule 35 motion for correction of an illegal sentence claiming that his sentences are illegal because all charges have been dropped by his accuser. In support of his motion, Martinez provided an affidavit from the accuser's mother. The district court denied the motion, finding that Martinez has not alleged any facts asserting that the sentences imposed are illegal on their face and that he is not entitled to relief under Rule 35(a). Martinez appeals, asserting that "the district court erred in denying his Rule 35(a) motion to correct an illegal sentence because his accuser has submitted an affidavit stating she drops all charges against Mr. Martinez, she recants her testimony, and she requests that Mr. Martinez and his brother be released."

In *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence is excessive. *Clements*, 148 Idaho at 86, 218 P.3d at 1147.

The record supports the district court's finding that Martinez's sentences are not illegal. Therefore, the district court properly denied Martinez's motion. Accordingly, we conclude no

abuse of discretion has been shown and the district court's order denying Martinez's Rule 35 motion is affirmed.