803 P.2d 1006

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Leon Eugene HOWARD,
Defendant–Appellant.**

**No. 18170.**

Court of Appeals of Idaho.

Sept. 25, 1990.

---

* Judge Burnett concurred prior to his resignation    on July 16, 1990.

Fuller Law Offices of Twin Falls for defendant-appellant. Daniel L. Mink argued.

Jim Jones, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen., for plaintiff-respondent. Jack Haycock argued.

SWANSTROM, Judge.

Leon Howard appeals from a district court order denying a motion under I.C.R. 35 for reduction of his sentence for vehicular manslaughter. He contends the district court imposed an excessive sentence and abused its discretion in refusing to modify the sentence. For the following reasons, we affirm.

Howard pled guilty to vehicular manslaughter in the death of Heidi Hempleman. He was given a unified seven-year sentence to the Board of Correction requiring a four-year minimum period of incarceration. Howard also pled guilty to related misdemeanors. He was sentenced to consecutive six-month terms in the county jail for failure to show proof of liability insurance and for driving with an expired license. We are asked to review only the sentence for vehicular manslaughter.

Our standard of review with respect to both the length of a sentence and the decision whether to reduce a sentence is a deferential standard. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). We will not conclude that the sentencing judge abused his discretion unless the sentence is unreasonable under the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982).

In entering his guilty plea, Howard admitted that he had in fact been driving in an intoxicated state at the time of the accident and that he had been travelling at night in the wrong direction in the westbound lane of I-84 when he collided head on with Hempleman's vehicle, causing her death. A test revealed that Howard's blood alcohol content (BAC) at the time of the accident was .19 percent. The presentence investigation report revealed Howard's history of alcohol-related problems, including three prior convictions for driving under the influence and an assault with intent to commit murder. Apparently, the latter offense was also alcohol-related.

The sentence imposed on Howard for vehicular manslaughter is well within the statutory limits prescribed under I.C. § 18-4007(3) and the Unified Sentencing Act, I.C. § 19-2513. In determining the reasonableness of the sentence, we are compelled to evaluate the sentence against the *Toohill* criteria:

> [A] term of confinement is reasonable to the extent it appears necessary, at the time of the sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case.

*State v. Toohill*, 103 Idaho at 568, 650 P.2d at 710. In considering whether a sentence is reasonable, we conduct an independent review of the record, focusing on the nature of the offense and the character of the

offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

The sentencing judge expressed regret that someone along the line had not taken cars away from Howard, in view of his past record of convictions for alcohol-related offenses. The judge further stated that Howard's sentence was an effort by the court to protect society from such future harm. Relying on the twenty-year pattern of Howard's misuse of alcohol and the fact that a death occurred in this instance, the judge determined that a period of confinement was required. We hold that the district court acted within its statutory discretion in sentencing Howard to an indeterminate term of seven years, with four years fixed. I.C. § 18–4007(3); I.C. § 19–2513.

■ Accordingly, we now consider whether the district court abused its discretion in denying Howard's Rule 35 motion. As previously stated, the original sentence was not excessive; therefore, the defendant must show that it is excessive in view of new or additional information offered with the motion for reduction. *State v. Forde*, 113 Idaho 21, 740 P.2d 63 (Ct.App. 1987). A motion to reduce a legally imposed sentence is essentially a plea for leniency and is addressed to the sound discretion of the district court. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App. 1984). We must determine whether the facts presented in conjunction with the motion, when viewed in the context of information already in the record, show that discretion was abused in failing to grant the leniency requested. *State v. Stanfield*, 112 Idaho 601, 733 P.2d 822 (Ct.App.1987).

■ Howard presented additional evidence at a hearing on his Rule 35 motion. First, he submitted the results of a blood alcohol test which had been made from a sample of blood taken from the body of Heidi Hempleman. The test showed a BAC of .02 percent. An expert clinical chemist called by Howard testified that, in his opinion, the victim could have had a BAC of .05 to .06 percent at the time of the accident. The expert testified that such a BAC level could have adversely affected the victim's ability to operate her vehicle. He pointed to police reports of the accident showing that the victim did not brake or swerve her vehicle in an effort to avoid Howard's oncoming automobile in the fast lane. Howard argues this evidence showed that the victim contributed to the accident and that the district court failed to consider such fact as a mitigating circumstance, under I.C. 19–2521(2)(e), in favor of probation.

Second, Howard introduced medical reports showing his poor health and his need for daily medications. He argued that weight loss while confined to the county jail showed that incarceration was causing his physical condition to deteriorate.

Finally, in an effort to persuade the court to modify the sentence which required that he serve his time of confinement in a state penal institution, Howard offered to furnish telephone-video equipment by which probation officers could verify Howard's presence in his home at any time.

The district judge was not persuaded to modify Howard's prison sentence. The judge was not convinced by the expert's testimony to find that the victim had in any way "induced or facilitated" Howard's criminal conduct, within the meaning of I.C. § 19–2520. The conclusions of the expert witness bordered on speculation, and the judge was under no constraints to adopt them. The judge recognized that incarceration, whether in jail or in prison, would be difficult for Howard to undergo. In pronouncing the sentence, the judge was aware that Howard was sixty-one years old and that he was not in good health. Finally, the district judge considered the option of "house arrest," but exercising his discretion, rejected Howard's suggestion.

After considering the entire record presented on appeal, we conclude that the district judge did not abuse his discretion in refusing to modify the sentence. Clearly, Howard's prior record of serious alcohol-related offenses precluded probation. While the house arrest proposal presented an innovative alternative to imprisonment, we cannot say its rejection by the judge was

unreasonable. Accordingly, we affirm the order denying modification of the sentence.

WALTERS, C.J., and SILAK, J., concur.