814 P.2d 442

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Travis WARD, Defendant–Appellant.**

**No. 18838.**

Court of Appeals of Idaho.

July 31, 1991.

Alan E. Trimming, Ada County Public Defender, August H. Cahill, Jr., for appellant.

Jim Jones, Atty. Gen., Michael J. Kane, Deputy Atty. Gen., for respondent.

## PER CURIAM.

Travis Ward pled guilty to the rape of a female suffering from Alzheimer's disease. The victim was a patient at a nursing home in Ada County. On April 10, 1990, the district court entered a judgment of conviction and sentenced Ward to a term of twenty years' incarceration, with a fixed minimum of ten years. Following the court's denial of his motions for reconsideration of his sentence, Ward appealed claiming that the sentence imposed constituted an abuse of discretion in that the objectives of sentencing could be achieved by means of a lesser term of imprisonment.

The notice of appeal from the denial of Ward's pro se motion for reconsideration of the sentence and a separate I.C.R. 35 motion was filed within forty-two days of the July 20, 1990, order denying those motions. However, neither of those motions were filed within fourteen days from the judgment of conviction and therefore did not extend the time for an appeal from the judgment. I.A.R. 14(a). No timely appeal having been taken from the judgment, Ward's appeal from the July 20 order can not encompass any alleged errors in the judgment. The jurisdiction of this Court, therefore, is limited to a review of the denial of the motion for reconsideration of the sentence. *See State v. Swan,* 113 Idaho 859, 748 P.2d 1389 (Ct.App.1988); *State v. Hirshbrunner,* 105 Idaho 168, 667 P.2d 271 (Ct.App.1983).

A motion for reduction of sentence is essentially a "plea for leniency," and the decision whether to grant the reduction is a matter of discretion. *State v. Lopez,* 106 Idaho 447, 448, 680 P.2d 869, 870 (Ct.App.1984). On appeal, we review not only the information presented in support of the Rule 35 motion, but also the record of the original sentencing, if such a record is provided to us. *State v. Buzzard,*

114 Idaho 384, 386, 757 P.2d 247, 249 (Ct. App.1988).

The district court at sentencing considered the report of Ward's performance at the North Idaho Correctional Institute on the 120-day rider which was issued October 30, 1989. The court also heard the testimony of several witnesses at the review hearing who described Ward as an immature eighteen-year old, with little or no appreciation of the seriousness of this crime.

During Ward's childhood, he was subject to physical abuse by his father, and there is evidence of sexual abuse by his mother. He was placed in a number of foster care homes and eventually, there was a termination of his parents' parental rights. Ward's history also reveals a juvenile record of runaways, burglary, operation of a motor vehicle without permission, petit theft and malicious injury to property.

The rape committed by Ward was non-violent, but targeted a victim who was unable to resist or consent. The psychological evaluation accomplished on Ward during the period of retained jurisdiction suggests that Ward is acting out his anger over perceived wrongs or injustices he may have experienced, and consequently, he displays no remorse for his victim. The report also indicates that Ward exhibited only minimal ability to comprehend and complete any programs that might be used in treating him, therefore rendering the programs ineffective in preventing re-offense.

The district judge concluded that Ward was a threat to society and that he would likely offend again. Accordingly, the protection of society was his primary concern in imposing the twenty-year sentence, with a fixed term of ten years. *See State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct. App.1982). Unfortunately, because of Ward's young age and his small physical size, a prison term for Ward would be very difficult, and the court recommended in the judgment that Ward be placed in "hospital type care at the institution."

In support of his Rule 35 motion, Ward presented an affidavit stating that he had been the victim of beatings and rapes dur-

ing his first months at the penitentiary. He argued that prison would only harm him further, and that enduring a harsh ten-year fixed term will not make him less of a threat to society. Although the district judge agreed that punishment for Ward's crime should not include brutalization by other inmates, he stated that relief from such situation is the responsibility of the Department of Correction.

We conclude, from the circumstances presented to us in the record, that it was not an abuse of discretion for the district judge to deny Ward's request for a reduction of his sentence. The order of the district court is affirmed.