820 P.2d 1241

STATE of Idaho, Plaintiff–Respondent,

v.

David Lopez PRIETO, Defendant–Appellant.

No. 19180.

Court of Appeals of Idaho.

Nov. 22, 1991.

William H. Wellman, Nampa, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

David Prieto pled guilty to aggravated battery and received a unified sentence of five years, with a minimum period of confinement of eighteen months. Twenty days after the judgment of conviction was filed, he moved for reduction of his sentence under I.C.R. 35. The motion was heard and denied by the district court. Prieto then filed his notice of appeal, forty-three days after the judgment was entered and six days after the order denying his Rule 35 motion was filed. On appeal, Prieto contends the district court abused its sentencing discretion by not retaining jurisdiction under I.C. § 19–2601(4) for the purpose of considering a suspension of the sentence and release of the defendant on probation. We find no error and affirm.

Preliminarily, we note the state has objected to consideration of any error asserted with regard to the entry of the judgment and the imposition of the sentence. The state correctly points out that Prieto's notice of appeal was not filed within forty-two days of the judgment, nor was any motion filed within fourteen days of the judgment so as to enlarge the time for an appeal pursuant to I.A.R. 14, rendering the appeal untimely insofar as it was taken from the judgment and sentence. Such being the case, we are without jurisdiction to consider any challenge to the entry of the judgment or to the district court's decision imposing the sentence. *State v.*

*Ward,* 120 Idaho 182, 814 P.2d 442 (Ct.App. 1991); *State v. Hickman,* 119 Idaho 7, 802 P.2d 1219 (Ct.App.1990).

The appeal was timely, however, with regard to the order denying relief under Rule 35. In that proceeding, Prieto requested the court to reconsider the sentence and retain jurisdiction for 120 days so Prieto possibly could be granted probation.

▆ A Rule 35 motion for reduction of a legal sentence essentially is a plea for leniency addressed to the sound discretion of the sentencing court. *Ward, supra.* The question presented on appeal from the denial of a Rule 35 motion is whether the facts submitted in connection with the motion, when viewed in the context of the information already in the record, show that the district court abused its discretion in failing to grant the leniency requested. *State v. Wright,* 114 Idaho 451, 757 P.2d 714 (Ct.App.1988); *State v. Stanfield,* 112 Idaho 601, 733 P.2d 822 (Ct.App.1987).

▆ In the instant case, no supplemental information was submitted with Prieto's motion to reduce his sentence. The hearing on Prieto's motion entailed arguments by counsel to the court and an oral statement by Prieto recognizing that he had an alcohol problem and expressing remorse. Consequently, there was minimal augmentation to the information previously submitted during the sentencing proceeding.

In ruling on Prieto's motion and rejecting his plea for leniency, the district court explained:

> After reviewing the file, the Court is of the opinion that the sentence originally imposed is correct and called for by the facts of this case. The defendant apparently was trying to collect money from the victim. They got into an argument and the defendant went home, got his gun and then found the victim and shot him. Several shots were fired at the victim in addition to the one that struck him.
>
> In looking at the defendant's record this case appears to be the last of a long series of brushes with the law by the defendant. While the defendant's problems appear to be alcohol related, the willful and conscious shooting of another cannot be excused on that ground. Accordingly, the defendant's motion to amend the judgment under Rule 35 is denied.

Prieto's five-year sentence was well within the maximum punishment of fifteen years which could have been imposed for aggravated battery. I.C. § 18–908. In the absence of any factual information to support Prieto's motion, beyond the record existing when he was initially sentenced, we are unable to conclude that the district court abused its discretion by denying the motion to modify Prieto's sentence. *State v. Sutton,* 106 Idaho 403, 679 P.2d 680 (Ct.App. 1984).

Accordingly, the order denying the motion for reduction of sentence is affirmed.