822 P.2d 1020

**STATE of Idaho, Plaintiff–Respondent,**

v.

**John P. McGONIGAL, Defendant–Appellant.**

**No. 19303.**

Court of Appeals of Idaho.

Dec. 24, 1991.

John Souza, Whittier, McDougall, Souza, Murray & Clark, Chartered, Pocatello, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

John McGonigal pled guilty to first degree burglary and received a unified sentence of seven years, with a minimum period of confinement of two years, in the custody of the Board of Correction. Two and a half months after the judgment of conviction was filed, he moved for reduction of his sentence under I.C.R. 35. The motion was heard and denied by the district court. McGonigal then filed his notice of appeal, more than forty-two days after the judgment was entered and seventeen days after the order denying his Rule 35 motion was filed. On appeal, McGonigal contends the district court abused its sentencing discretion. We find no error and affirm.

Preliminarily, we note the state's objection to consideration of any error asserted with regard to the entry of the judgment and the imposition of the sentence. The state correctly asserts that McGonigal's notice of appeal was not filed within forty-two days of the judgment, nor was any motion filed within fourteen days of the judgment so as to enlarge the time for an appeal pursuant to I.A.R. 14, rendering the appeal untimely insofar as it was taken from the judgment and sentence. Such being the case, we are without jurisdiction to consider any challenge to the entry of the judgment or to the district court's decision imposing the sentence. *State v. Ward,* 120 Idaho 182, 814 P.2d 442 (Ct.App.

1991); *State v. Hickman,* 119 Idaho 7, 802 P.2d 1219 .(Ct.App.1990). McGonigal's reliance on *State v. Knight,* 106 Idaho 496, 681 P.2d 6 (Ct.App.1984), is misplaced. That case was decided prior to the revision of I.A.R. 14 in 1984, which now requires the filing of a Rule 35 application within fourteen days of a judgment in a criminal case in order to preserve the time to appeal from that judgment.

The appeal was timely, however, with regard to the order denying relief under Rule 35. In that proceeding, McGonigal requested the court to reconsider the sentence.

■ A Rule 35 motion for reduction of a legal sentence essentially is a plea for leniency addressed to the sound discretion of the sentencing court. *Ward, supra.* On appeal, we review not only the information presented in support of the Rule 35 motion, but also the record of the original sentencing, if that record is provided to us. *State v. Buzzard,* 114 Idaho 384, 757 P.2d 247 (Ct.App.1988). Thus, the question presented on appeal from the denial of a Rule 35 motion is whether the facts submitted in connection with the motion, when viewed in the context of the information already in the record, show that the district court abused its discretion in failing to grant the leniency requested. *State v. Wright,* 114 Idaho 451, 757 P.2d 714 (Ct.App.1988); *State v. Stanfield,* 112 Idaho 601, 733 P.2d 822 (Ct.App.1987).

■ In the instant case, no supplemental information was submitted with McGonigal's motion to reduce his sentence. The hearing on the motion simply entailed arguments by counsel to the court. Consequently, there was minimal augmentation to the information previously submitted during the sentencing proceeding.

McGonigal's seven-year sentence was well within the maximum punishment of fifteen years which could have been imposed for first degree burglary, I.C. § 18–1403, and was not unduly severe. In the absence of any factual information to support McGonigal's motion, beyond the record existing when he was initially sentenced, we are unable to conclude that the

district court abused its discretion by denying the motion to modify McGonigal's sentence. *State v. Sutton,* 106 Idaho 403, 679 P.2d 680 (Ct.App.1984).

Accordingly, the order denying the motion for reduction of sentence is affirmed.