887 P.2d 1085

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Gary WICKEL, Defendant–Appellant.**

**No. 21156.**

Court of Appeals of Idaho.

Dec. 6, 1994.

Petition for Review Denied Jan. 26, 1995.

Michael J. Wood, Twin Falls County Public Defender, C. Bradley Calbo, Deputy Public Defender, Twin Falls, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

PERRY, Judge.

Gary Wickel appeals from the denial of an I.C.R. 35 motion to reduce his twenty-seven year sentence, with a minimum period of confinement of twenty-five years, following his plea of guilty to aggravated battery with an enhancement for the use of a deadly weapon. I.C. §§ 18–903, 18–907 and 19–2520. We affirm the order of the district court denying the motion for reduction of sentence.

The facts of the crime committed by Wickel are derived from the record. On the evening of January 21, 1992, after several hours of drinking with friends in a local bar, Wickel returned to the home of his ex-wife, Sandy Souza, and their fourteen-year old son. Souza and the boy initially ignored Wickel's attempts to start an argument. Souza tried to use the phone, but Wickel tore the telephone book from her hands and threw it down; he repeated this action when Souza reached for another phone book. Wickel then left the room, stating that he was going to bed, but returned almost immediately. He approached Souza and moved toward the couch with her. He grabbed the phone and, with a folding knife he had in his hand, cut the telephone cord. Wickel then grabbed Souza by the hair, held her head over the back of the couch and stabbed her in the throat. He inserted the knife under her chin, cutting her windpipe, and again cutting deep under her right ear, severed arteries in her neck. Souza remained conscious and was able to push Wickel off her. Holding her neck, Souza ran to a neighbor's house where her son had fled to call 911. There, they waited for help.

Wickel was charged with attempted first degree murder and battery with intent to commit a serious felony. In addition, the state pled an enhancement for use of a deadly weapon on each count. After lengthy negotiations with the state, Wickel entered a guilty plea to an amended charge of aggravated battery, which included the use of a weapon. On March 8, 1993, the district court imposed the maximum determinate sentence of fifteen years on the aggravated battery charge, plus a consecutive enhancement of twelve years, with a minimum period of confinement of ten years. Wickel did not file a direct appeal. On May 7, 1993, Wickel sought I.C.R. 35 relief. Following a hearing, the district court entered its order denying relief. Wickel appeals from the denial of his Rule 35 motion for reduction of sentence.

■ On appeal, Wickel contends that his sentence is longer than necessary to achieve the objectives of sentencing. He argues that the sentencing court gave improper consideration to uncharged crimes, related in part to Wickel's prior abuse of Souza. He also argues that, because the district court intended to emphasize deterrence to the public, the sentence was unduly harsh. Wickel contends that the district court ignored the goal of rehabilitation in favor of protecting society, particularly Souza and her son. Lastly, he asserts that the district court abused its discretion in not reducing his sentence.

■ We begin by noting that Wickel filed his notice of appeal within forty-two days of the order denying his Rule 35 motion. An order which denies a Rule 35 motion filed within 120 days, but more than fourteen days, after the judgment of conviction may be appealed, but the appeal will not carry with it the jurisdiction to review the judgment of conviction. *State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct.App.1991); *State v. Prieto*, 120 Idaho 884, 820 P.2d 1241 (Ct.App.1991); *State v. Wargi*, 119 Idaho 292, 805 P.2d 498 (Ct.App.1991).

■ In conducting appellate review of the denial of a Rule 35 motion, this Court considers the entire record and applies the same criteria used for determining the reasonableness of the original sentence. *State v. Matthews*, 118 Idaho 659, 798 P.2d 941 (Ct.App.1990); *State v. Allbee*, 115 Idaho 845, 771 P.2d 66 (Ct.App.1989). A Rule 35 motion may be granted if the original sentence was unduly severe in light of additional or new

580

evidence submitted with the motion. *State v. Forde*, 113 Idaho 21, 740 P.2d 63 (Ct.App. 1987); *State v. Stanfield*, 112 Idaho 601, 733 P.2d 822 (Ct.App.1987). A sentence may be an abuse of discretion if it is shown to be unreasonable upon the facts of the case, but a sentence will not be disturbed if it is within the allowable maximum unless there is a clear abuse of discretion. *State v. Hassett*, 110 Idaho 570, 716 P.2d 1342 (Ct.App.1986).

Pursuant to I.C. §§ 18–903, –907, and the enhanced penalty provisions of I.C. § 19–2520, the district court could have sentenced Wickel to fifteen years' imprisonment for aggravated battery with a consecutive fifteen-year enhancement. The sentence imposed are within these statutory maximums. Wickel requests reduction of the fixed portion of his sentence, twenty-five years, on which we focus our review. *See State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App.1989). Using the approach set forth in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), we review the relationship of the nature of the offense and the character of the offender in light of the primary sentencing goal of societal protection and the related goals of deterrence, rehabilitation and retribution.

The crime involved an act of domestic violence which caused life-threatening harm to Souza and which was committed in the presence of their fourteen-year old son. As pointed out by the district court, there was evidence by the multiple cuts on Souza's throat that the attack was deliberate. Though alcohol was a factor, as it is in many instances of domestic violence, Wickel's intoxication cannot be used to excuse his actions. There was testimony that Wickel intended to cause great bodily harm to Souza, because she wanted Wickel to move out of the home, and he refused. There was no provocation for the attack, and it is nothing short of a miracle that Souza survived the injuries Wickel inflicted. The crime was the result of an ongoing cycle of domestic violence that escalated over years of abuse.

■ We turn now to the character of the offender. Wickel admitted that his drinking was out of control and dated back to when he was eight years old. In 1980, he completed an in-patient alcohol treatment program only to revert to drinking within thirty days after he was released. His prior convictions include three DUIs, some traffic and fish and game misdemeanors, and a previous felony withheld judgment. His criminal history reveals convictions for three crimes of violence: assault in 1980; battery in 1983; and aggravated assault, which was amended to possession of a deadly weapon, in 1988. The victim impact statement also disclosed a long history of abuse and terror directed at Souza by Wickel over the previous eighteen years. Souza also testified at the sentencing hearing where she recounted prior uncharged crimes surrounding Wickel's past abuse. Her testimony was unrefuted.

In its colloquy, the district court enumerated Wickel's acts of violence against Souza:

[Y]ou hit her in the mouth once and knocked her down. Another time you threatened to kill Sandy, and she wasn't permitted to leave. Another time you broke the window in her car and pulled her out of the car by her hair. Another time you rammed her car with your pickup. Another time you held a loaded .22 caliber to her head, threatened to kill her and put her body in a hole.

Another time you choked and hit Sandy Souza in the face. Another time you kicked Sandy Souza in the stomach, knocked the wind out of her; and the beating caused her miscarriage. Another time you were sitting on top of Sandy Souza and threatened to cut or scar her face. Another time you beat and raped Sandy Souza....

■ A sentencing judge may properly conduct an inquiry broad in scope, largely unlimited, either as to kind of information considered or the source from which it may come. *State v. Chapman*, 120 Idaho 466, 816 P.2d 1023 (Ct.App.1991); *see also* I.C. § 19–5306. The introduction of a victim impact statement has been sanctioned. *Id.* at 470, 816 P.2d at 1027, *citing State v. Searcy*, 118 Idaho 632, 798 P.2d 914 (1990). Consideration of a defendant's past criminal history is appropriate when fashioning a sentence. *State v. Barnes*, 121 Idaho 409, 825 P.2d 506

(Ct.App.1992). A sentencing court may, with due caution, consider the existence of defendant's alleged criminal activity for which no charges have been filed, or where charges have been dismissed. *Id.* Accordingly, the district court was entitled to consider Souza's statements which, we note, were not refuted by Wickel. *See generally* I.C.R. 32. We find no error in the sentencing court's determination of the significance to be placed upon Souza's account of Wickel's prior, uncharged criminal acts against her.

At the Rule 35 hearing, one witness testified that Wickel's marriage to Souza was a stormy relationship. Another witness testified that she and Wickel had lived together for seven years after his divorce from Souza, and although their relationship was an abusive one, the witness was not afraid of Wickel. Souza then read into evidence a statement pleading that the district court not reduce Wickel's sentence for the sake of her safety and that of her son.

The district court determined that the evidence offered by Wickel at the Rule 35 hearing attempted to shift blame for the brutal attack away from Wickel. The district court explicitly stated that it had not heard any evidence in mitigation. The district court also searched the record for post-incarceration behavior showing that Wickel was taking steps to address his chronic alcoholism and his violent tendencies. The district court finally concluded that it had been given no reason to reduce the originally imposed sentence.

In our view, the district court's consideration of the pertinent sentencing and Rule 35 factors was reasonable. Protection of Souza and her son was correctly viewed as the paramount concern under the circumstances in this case. In addition, the length of the sentence serves as both a specific deterrence to Wickel and as a general deterrence message to others, that society as a whole will no longer tolerate domestic violence and abuse. Though also a consideration, rehabilitation will not override the sentencing goals of societal protection, deterrence and retribution in cases such as the one before the Court. Moreover, as the district court noted, Wickel presented no evidence of any serious rehabil-itation effort on his part. We conclude that the district court did not abuse its discretion in denying Wickel the leniency he requested.

The order of the district court denying Rule 35 relief is affirmed.

WALTERS, C.J., and LANSING, J., concur.