950 P.2d 1285

STATE of Idaho, Plaintiff-Respondent,

v.

Jonathon S. HEFFERN, Defendant-Appellant.

No. 23344.

Court of Appeals of Idaho.

Dec. 18, 1997.

Byington, Holloway, Whipple & Jones, Chtd., Jerome, for defendant-appellant. Marilyn Paul argued.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General (argued), Boise, for plaintiff-respondent.

SCHWARTZMAN, Judge.

This is an appeal from a judgment of conviction and sentence for grand theft, I.C. §§ 18–2403 and 18–2407(1)(b)(1).

## I.

### FACTS AND PROCEDURAL BACKGROUND

On June 18, 1996, Jonathon Steven Heffern stole a bicycle from the courtyard of a hospital where he was performing community service. Thereafter, Heffern dismantled the bicycle and retained the wheels, tires, pedals, brakes and shifter components. At the time of the theft, Heffern was on supervised probation under the Juvenile Correction Act for an assault and battery. Pursuant to a plea agreement Heffern pled guilty to one count of grand theft. In exchange for Heffern's guilty plea, the state agreed to withdraw a juvenile probation violation relating to his alleged involvement in a BB gun shooting and not charge him in connection with that incident, to recommend a suspended unified four-year sentence with one year fixed, and to not object to a withheld judgment.

At the sentencing hearing, defense counsel brought errors in the presentence investigation report (PSI) to the attention of the district court and requested corrections. The court then heard testimony from Heffern's probation officer, his landlady and the theft victim. Following this testimony, the court heard a statement from Heffern and considered the recommendations of counsel.

Before imposing sentence, the district court enumerated the different options available and then told Heffern that in light of his age and on the basis of sentencing considerations, "I will be really honest with you, I'm really on the fence what [sic] to do here." The court then discussed Heffern's history of alcohol consumption as set forth in the PSI, noting that regardless of how often Heffern consumed alcohol, he was underage and any consumption was illegal. The court then stated: "You also, despite how you try to

water this thing down, have a problem with violence and/or anger. You have a conviction for a battery, which by definition is violence, you have a conviction for assault." Defense counsel reminded the court that these offenses were juvenile matters and not criminal convictions. In response, the judge stated, "Well, okay. They are admitted to as an act as a juvenile, which if committed by an adult would be a crime. The point is, is that there is a history of violence; there is also a history of alcohol consumption." The following exchange then took place:

THE COURT: [Y]ou report [in the PSI] that when you consume alcohol, you have a tendency to become easily agitated. So when you look at the fact that you shot a beebee gun at some people, you look at the fact that—

MS. PAUL: Your Honor, the beebee gun charge was dismissed. I believe that's correct.

THE COURT: It was dismissed as a result of the plea agreement. It doesn't change the fact that apparently it happened.

MS. PAUL: Your Honor, he has not entered any admission to that and that does not stand as an admission to the record.

THE COURT: Mr. Heffern, *did you do that or not?*

MS. PAUL: Your Honor, I request a moment to speak with my client.

(Discussion off the record.)

MS. PAUL: Your Honor, my client declines to answer that question.

THE COURT: *That makes my decision easy, it makes it easier.* (Emphasis added.)

Thereupon, the court imposed a unified four-year sentence with one year fixed, suspended the sentence and retained jurisdiction for 180 days.

Heffern filed an I.C.R. 35 motion for reduction of his sentence two days later, asserting that the district court retained jurisdiction rather than grant probation because Heffern invoked his privilege against self-

incrimination. In its order denying Heffern's motion, the district court stated:

The purpose of a period of probation is to help the defendant take rehabilitative measures. Essential to any rehabilitation program is the defendant's acceptance of responsibility for his own conduct. *While the defendant does have a constitutional right against self-incrimination, the assertion of such a right indicates an unwillingness to accept responsibility for one's own conduct.* In effect, this unwillingness undermines any benefits that can be derived from a period of probation. (Emphasis added.)

Heffern appeals, asserting that the district court violated his privilege against self-incrimination and abused its discretion in imposing the original sentence and in denying his Rule 35 motion.[1]

## II.

## ANALYSIS

### A.

We find the Idaho Supreme Court's decision in *State v. Wilkins*, 125 Idaho 215, 868 P.2d 1231 (1994), to be instructive. In *Wilkins*, pursuant to a plea agreement, the defendant pled guilty to assault with intent to commit a serious felony. At the sentencing hearing, the prosecutor called the defendant to testify about matters extending beyond the scope of the charged offense. The defendant objected but the trial court refused to preclude the prosecution's presentation of this testimony. On appeal, the Idaho Supreme Court held that when a defendant enters a guilty plea, he waives his privilege against self-incrimination only "to permit the trial court to interrogate [him] to determine the voluntariness of [his] plea and to establish a factual basis for accepting it." *Wilkins*, 125 Idaho at 217–18, 868 P.2d at 1233–34. This limited waiver precludes a district court from compelling a defendant to testify about matters extending beyond the facts of the offense to which he pleads guilty. The Court further relied upon *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359

---

1. Heffern was eventually placed on probation after successfully completing his 180–day rider.

(1981), in ruling that Fifth Amendment implications clearly extend into the sentencing phase of a criminal proceeding:

> At the sentencing hearing, [the defendant] was required to testify to matters that went well beyond the facts of the case and information that would have been appropriate to determine whether he pleaded guilty freely and voluntarily. The trial court relied heavily on this testimony in sentencing [the defendant]. Therefore, we conclude it is necessary to vacate the sentence and remand for resentencing.

*Wilkins,* 125 Idaho at 218, 868 P.2d at 1234.

■ After a review of the record, we find that although the plea agreement did provide Heffern with limited immunity from future prosecution for the BB gun incident, under *Wilkins,* that immunity did not authorize the district court to question Heffern in the way it did about the incident and then use his silence against him for purposes of sentencing. The district court was only permitted to inquire about the bicycle theft insofar as necessary to establish a factual basis for the plea and to determine that the plea was knowingly and voluntarily made. The BB gun incident was factually and legally unrelated to the theft offense to which Heffern pled guilty. Thus, Heffern did not waive his privilege against self-incrimination with respect to the BB gun incident for purposes of the sentencing hearing.

### B.

The Idaho legislature has further codified and expanded the scope of the privilege against self-incrimination in I.C. § 19–3003. That statute provides:

> A defendant in a criminal action or proceeding to which he is a party, is not, without his consent, a competent witness for or against himself. His neglect or refusal to give such consent shall not in any manner prejudice him nor be used against him on the trial or proceeding.

Recently, this Court, in *State v. Anderson,* 130 Idaho 765, 770, 947 P.2d 1013, 1018 (Ct. App.1997), relied upon I.C. § 19–3003 to vacate a sentence after the trial judge admonished the defendant that invocation of his right to remain silent as to his prior record and history of DUI charges could be used against him as an "aggravating factor." We stated as follows:

> The statute does not protect a defendant only from giving testimony that might be used against him in a *subsequent* prosecution; it protects him from having either his own testimony or his refusal to testify used against him in the same proceeding in which the testimony is sought. The magistrate here threatened to use [the defendant's] silence as an aggravating factor in the present case, and the transcript reveals that after [the defendant] testified, the information which he disclosed regarding prior DUI charges was given some weight by the magistrate in imposing sentence.
>
> In order to cure this sentencing error, we remand the case for resentencing before a different magistrate.

*Id.* at 770, 947 P.2d at 1018.

■ It is important, however, to clarify the distinction between a trial court's *consideration* of a defendant's uncharged or dismissed conduct as a factor in sentencing versus a trial court's attempts to *prove* a defendant's guilt by seeking an admission directly from a defendant's lips or otherwise using his silence as an aggravating factor. The district court's inquiry into the BB gun incident at the sentencing hearing and subsequent order denying Heffern's Rule 35 motion make it clear that the court presumed Heffern's guilt with respect to the incident. We do not dispute the trial court's discretion to *consider* the BB gun incident in fashioning Heffern's sentence. A trial judge may consider a myriad of factors in imposing a sentence. *See State v. Wickel,* 126 Idaho 578, 580, 887 P.2d 1085, 1087 (Ct.App.1994); I.C.R. 32. This broad spectrum includes a defendant's past criminal history and, with due caution, "the existence of [a] defendant's alleged criminal activity for which no charges have been filed, or where charges have been dismissed." *Wickel,* 126 Idaho at 581, 887 P.2d at 1088, *citing State v. Barnes,* 121 Idaho 409, 825 P.2d 506 (Ct.App.1992); *see also State v. Stewart,* 122 Idaho 284, 286, 833 P.2d 917, 919 (Ct.App.1992) ("a trial court, in

determining the sentence to be imposed, may consider prior dismissed charges and charges which are currently pending against the defendant."). The availability of this broad array of information enables the sentencing court to impose punishment that fits both the crime and the individual defendant.

■ Furthermore, in certain instances, a trial court may consider a defendant's refusal to admit factual guilt to the underlying offense as a factor in sentencing. *See, e.g., State v. Drennon,* 126 Idaho 346, 355, 883 P.2d 704, 713 (Ct.App.1994) (defendant's minimization of his culpability with respect to the commission of a lewd and lascivious act with his young daughter, following a jury conviction for the same, was a proper sentencing consideration); *State v. Lawrence,* 112 Idaho 149, 157–58, 730 P.2d 1069, 1077–78 (Ct.App. 1986) (defendant's refusal to admit guilt following a jury conviction for lewd and lascivious conduct with minors is a relevant sentencing consideration insofar as rehabilitation is concerned); *compare State v. Jones,* 129 Idaho 471, 926 P.2d 1318 (Ct.App.1996) (in revoking probation the district court properly considered defendant's refusal to admit, in counseling, to responsibility for the offense to which he entered an *Alford* plea *and* other related but dismissed charges, where probation was expressly contingent upon the defendant's successful completion of sex offender treatment which included a requirement of full disclosure). However, this line of authority does not empower a trial judge to consider a defendant's silence or refusal to admit guilt with respect to uncharged or dismissed crimes in response to a direct request from the court at the sentencing hearing.

It is apparent from the record that Heffern's decision to invoke his privilege against selfincrimination in response to the trial court's inquiry about the BB gun incident contributed in some material degree to the court's decision to initially retain jurisdiction rather than grant probation. In essence, the court's method of inquiry into the BB gun incident left Heffern with the Hobson's choice of (1) asserting his innocence while risking a harsher sentence if the trial judge didn't believe him, (2) remaining silent and risking a harsher sentence, or (3) admitting guilt and still risking a harsher sentence. Heffern's "choice" to admit or deny guilt under the direct insistence of the trial judge contravenes the letter and spirit of I.C. § 19–3003.

Accordingly, we vacate Heffern's sentence and remand for resentencing before a different judge.[2]

LANSING, C.J., and PERRY, J., concur.

---

**2.** At resentencing, the new judge may adhere to the original sentence, delete the retained jurisdiction portion of the original sentence and contin-ue the probation, with or without a further reduction, or otherwise convert the conviction into a withheld judgment.