122 P.3d 317

STATE of Idaho, Plaintiff–Respondent,

v.

Kelly Lamar MARTIN, Defendant–Appellant.

No. 30468.

Court of Appeals of Idaho.

June 30, 2005.

Review Denied Oct. 3, 2005.

---

Molly J. Huskey, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant. Jason C. Pintler argued.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent. Lori A. Fleming argued.

LANSING, Judge.

Kelly Lamar Martin appeals his sentence for felony eluding a police officer. Martin contends that the trial court's determination, for sentencing purposes, that he was under the influence of drugs at the time of the offense was in error because that circumstance was not proven by a preponderance of the evidence. Martin also contends that the court abused its discretion by imposing an excessive sentence.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

According to the State's trial evidence, late one evening Deputy Brent Hilliard attempted to stop Martin on suspicion that he was driving under the influence. Martin did not comply with the deputy's signal to stop, but rather fled, leading Hilliard and other officers on a high-speed chase. The pursuit eventually ended when Martin drove his vehicle into a freshly plowed field.

Martin was ultimately charged with felony eluding a police officer, Idaho Code §§ 49-1404(2)(a),(c), and a persistent violator sen-

tence enhancement, I.C. § 19–2514, was sought. Martin pleaded not guilty and the case proceeded to trial, where a jury found him guilty. At Martin's sentencing hearing, the court took into account the information contained in the presentence investigation report (PSI), which included a probable cause affidavit, prepared by Deputy Hilliard to justify Martin's arrest on suspicion of driving under the influence (DUI). This affidavit related the deputy's observations which had led him to believe that on the night in question Martin was under the influence of alcohol or drugs. In imposing sentence, the district court commented that it considered it to be an aggravating factor that Martin was under the influence of drugs when he committed the eluding offense. The court stated:

> The reason I also see it as a significant offense is that, given your history of a prior conviction for vehicular manslaughter while driving under the influence of methamphetamine, you were likewise requested to take a test in this case for the presence of drugs, and you refused. To me that is a big strike against you, and I believe that you were traveling once again on the occasion with drugs in your system, endangering yourself, your passenger, the law enforcement officers who followed you, as well as the motoring public. So I see this offense as a significant offense and one that the court does not view lightly.

The court then imposed a unified life sentence with seven and one-half years determinate, which included a persistent violator enhancement.

On appeal, Martin contends that the court erred in determining that he was under the influence at the time of this offense because there was insufficient evidence to support such a finding, and he contends that this error amounts to a violation of his right to due process. Martin also asserts that his sentence is excessive.

## II.

## ANALYSIS

### A. Trial Court's Finding that Martin was under the Influence of Drugs

■ It is well settled that a trial court may consider a broad spectrum of informa-

tion when fashioning a sentence, *Williams v. New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); *State v. Morgan,* 109 Idaho 1040, 1042, 712 P.2d 741, 743 (Ct.App. 1985), and the rules of evidence do not apply at a sentencing hearing. Idaho Rule of Evidence 101(e)(3). However, it is a deprivation of due process for a sentencing court to rely upon information that is materially untrue or to make materially false assumptions of fact. *State v. Gawron,* 124 Idaho 625, 627, 862 P.2d 317, 319 (Ct.App.1993). To prevent such error, the reliability of information upon which the sentencing court relies must be insured by allowing the defendant an opportunity to examine all information presented to the court at sentencing, to present favorable evidence, and to explain or rebut adverse evidence. *State v. Campbell,* 123 Idaho 922, 926, 854 P.2d 265, 269 (Ct.App.1993); *Cunningham v. State,* 117 Idaho 428, 431, 788 P.2d 243, 246 (Ct.App.1990).

■ Martin argues that as a corollary to the foregoing safeguards, a sentencing court may not consider uncharged misconduct as an aggravating factor at sentencing unless that conduct has been proven by a preponderance of the evidence. In support of this proposition, Martin relies upon *United States v. Watts,* 519 U.S. 148, 157, 117 S.Ct. 633, 638, 136 L.Ed.2d 554, 565 (1997), where the United States Supreme Court held that a sentencing court may take into consideration a previous charge of which the defendant has been acquitted, so long as that criminal conduct has been proven by a preponderance of the evidence. Martin contends that the evidence at his sentencing was insufficient under a preponderance standard, to prove that he was under the influence of drugs when he fled from police officers. The State responds that proof by a preponderance of the evidence is unnecessary in order for the court to consider uncharged misconduct at sentencing. The State relies upon numerous Idaho cases stating that a sentencing court may consider, with due caution, the existence of a defendant's alleged criminal activity for which no charges have been filed, or where charges have been dismissed. *State v.*

*Thomas,* 133 Idaho 800, 804, 992 P.2d 795, 799 (Ct.App.1999); *State v. Heffern,* 130 Idaho 946, 949–50, 950 P.2d 1285, 1288–89 (Ct. App.1997); *State v. Wickel,* 126 Idaho 578, 580, 887 P.2d 1085, 1087 (Ct.App.1994).

We begin by noting that the present case is readily distinguishable from *Watts.* In *Watts,* the Supreme Court was addressing whether a sentencing court could consider a charge for which a defendant had previously been *acquitted.* Here, the district court relied upon conduct for which Martin had never been formally charged. With regard to uncharged conduct, the United States Supreme Court has stated that the preponderance standard satisfies due process requirements, *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), but the Court has never held that this standard is a threshold that is essential for due process compliance.

Disposition of the present appeal does not require that we resolve the question of the standard of proof necessary for a court to consider uncharged misconduct at sentencing, for even if proof by a preponderance of the evidence is necessary, that standard was satisfied here.

At sentencing, the district court granted the prosecutor's motion to include, as an addendum to the PSI, a probable cause affidavit that was prepared in support of Martin's arrest on suspicion of misdemeanor DUI. This affidavit, signed by Deputy Hilliard (but unnotarized), detailed Hilliard's observations that on the night of Martin's arrest Martin had driven across the center line several times and failed to maintain his lane of travel, Martin's eyes were glassy and bloodshot, that his speech was slurred to the point it was hard to understand him, and that Martin was extremely lethargic and fell asleep within minutes of being placed in Hilliard's patrol car. The affidavit also stated that Deputy Hilliard suspected Martin had used drugs based upon his driving pattern, his bloodshot eyes and his difficulty in walking and talking. Additionally, the PSI disclosed that, in a search of Martin's vehicle after his arrest, police officers discovered a syringe, a bottle of Oxycontin pills, an electronic scale, and a cigarette roller with marijuana residue, and Martin admitted to Deputy Hilliard that he had been smoking marijuana. All of this evidence was sufficient to support, by a preponderance of the evidence standard, the district court's finding that Martin was under the influence of drugs at the time he committed the offense of eluding a police officer. Accordingly, the district court did not err in considering this factor at sentencing.

**B. Sentence**

■ Martin also contends that the district court abused its discretion by imposing an excessive sentence in light of Martin's admission of drug addiction and his desire to seek treatment.

■ Where a sentence is within the statutory limits, it will not be disturbed on appeal absent an abuse of the sentencing court's discretion. *State v. Hedger,* 115 Idaho 598, 604, 768 P.2d 1331, 1337 (1989). We will not conclude on review that the sentencing court abused its discretion unless the sentence is unreasonable under the facts of the case. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). In evaluating the reasonableness of a sentence, we conduct an independent review of the record, focusing on the nature of the offense and the character of the offender. *State v. Young,* 119 Idaho 510, 511, 808 P.2d 429, 430 (Ct.App. 1991). The defendant bears the burden to show that the sentence is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation and retribution. *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

In the offense for which he was sentenced, Martin led police on a chase in which he reached speeds of ninety miles per hour. He thereby willingly endangered the motoring public, the officers, and a passenger who was in Martin's vehicle. Martin has a significant criminal history, which includes felony convictions for voluntary manslaughter, delivery of a controlled substance, and possession of a controlled substance, and several misdemeanor convictions, including DUI, posses-

sion of drug paraphernalia and illegal consumption. Martin had previously served time in jail and in prison, had been placed in the retained jurisdiction program twice and had been on probation numerous times. Despite having been given several opportunities for rehabilitation, Martin continued his criminal behavior. In view if this history, the sentence imposed on Martin does not constitute an abuse of the trial court's discretion.

### III.

### CONCLUSION

Assuming that a preponderance of the evidence standard must be met when a trial court relies upon uncharged misconduct in fashioning a sentence, that standard was satisfied here, and the district court did not abuse its discretion by imposing an excessive sentence. Therefore, the judgment of conviction and sentence entered by the district court are affirmed.

Chief Judge PERRY and Judge GUTIERREZ concur.