**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38234**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 469** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: May 9, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **LUIS M. GEYER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

Appeal from district court order reinstating probation following a probation violation, <u>dismissed</u>.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

PER CURIAM

 Luis M. Geyer was convicted of criminal possession of a financial transaction card, Idaho Code §§ 18-3125(4); 18-3128(3). On May 27, 2010, the district court sentenced Geyer to a unified term of five years, with a minimum period of confinement of two years, suspended the sentence and placed Geyer on supervised probation for five years. Approximately one month later, a report of probation violation was filed. Geyer admitted to the violation and on September 16, 2010, the district court entered an order continuing Geyer on probation. Geyer appeals. Although "mindful of the fact that the district court continued Mr. Geyer on probation

1

and that he did not appeal the original order imposing sentence and placing him on probation," Geyer nevertheless argues on this appeal only that his underlying sentence is excessive.

Idaho Appellate Rule 14(a) requires that a notice of appeal be filed within forty-two days from entry of the judgment or order from which the appeal is taken. This time limit is jurisdictional and any appeal taken after expiration of the filing period must be dismissed. I.A.R. 21; *State v. Tucker*, 103 Idaho 885, 888, 655 P.2d 92, 95 (1982). Placing appellant on probation did not affect the finality of his judgment of conviction and sentence. *Tucker*, 103 Idaho at 888, 655 P.2d at 95. Geyer's appeal is timely only from the order reinstating his probation, but the only issue that he raises on appeal challenges the length of the sentence that was imposed with entry of judgment on May 27, 2010. The time for an appellate challenge to his sentence expired forty-two days after entry of the judgment of conviction, and this Court therefore does not have jurisdiction to address claims of error unrelated to the subsequent probation order. *State v. Jensen*, 138 Idaho 941, 943-44, 71 P.3d 1088, 1090-91 (Ct. App. 2003); *State v. Prieto*, 120 Idaho 884, 820 P.2d 1241 (Ct. App. 1991). Because this appeal is untimely as to the only issue presented, and Geyer has not raised an issue related to the order reinstating probation, this appeal is dismissed.